GALDIERI & Co., INC., Respondent, *v.* ARTHUR WAIST Co., Appellant.

(Supreme Court, Appellate Term, First Department, February, 1917.)

Corporations — contracts — evidence — actions — Code Civ. Pro. § 1776.

> Where prior to and in anticipation of the incorporation of defendant, one who became its president on its incorporation ordered plaintiff to do certain work of which defendant received the benefit, evidence that it made payments to plaintiff in excess of the cost of work, labor and services ordered since the incorporation constitutes a ratification of the contract and plaintiff is entitled to recover.

> The provision of section 1776 of the Code of Civil Procedure, that a corporation defendant may not deny its existence at the time of the commencement of the. action, does not preclude proof, under a general denial, that a contract alleged to have been made in the name of the defendant was made at a time when it had no corporate existence.

APPEAL by defendant from a judgment of the Municipal Court of the city of New York, borough of Manhattan, fourth district, in favor of plaintiff.

Marks & Marks (Harry M. Marks, of counsel), for appellant.

A. Frank Cowen (Bernard Cowen, of counsel), for respondent.

GUY, J.   This action was brought to recover for work, labor and services ordered of plaintiff, prior to the incorporation of the defendant company, by one Lesser, who became president and treasurer of the defendant company on its incorporation.   While no proof was introduced by plaintiff of authorization of

Lesser by the defendant prior to its incorporation to order the work, labor and services, or that the defendant company had received the benefit of the work, labor and services furnished by plaintiff to Lesser before defendant's incorporation, the evidence is undisputed that the defendant corporation made payments amounting to $600 on account of bills rendered by the plaintiff to the defendant corporation, which included the work, labor and services furnished to Lesser prior to defendant's incorporation, such payments being for a considerable amount in excess of the cost of the work, labor and services admittedly ordered by the defendant since its incorporation. In view of the fact that Lesser did business individually in the name of Arthur Waist Company before the incorporation of the defendant, I am of the opinion that payments made subsequently in excess of the liability to plaintiff incurred by defendant after its incorporation constitutes ratification of the contract made by Lesser in anticipation of the incorporation of the defendant, and that plaintiff was, therefore, entitled to recover. It becomes necessary, however, in order to avoid future errors, based on the decision of the lower court, for this court to call attention to the fact that the contention of plaintiff's counsel, apparently adopted by the learned trial judge, that section 1776 of the Code of Civil Procedure precluded defendant under the general denial herein from proving the actual date of incorporation of the defendant, is untenable. Section 1776 of the Code provides: "In an action, brought by or against a corporation, the plaintiff need not prove, upon the trial, the existence of the corporation, unless the answer is verified, and contains an affirmative allegation that the plaintiff, or the defendant, as the case may be, is not a corporation." This clearly is intended to be applicable

to the fact of the corporate existence of a plaintiff or defendant corporation *at the time of the commencement of the action,* the proper construction being that no plaintiff or defendant corporation in an action can deny its corporate existence at the time of the commencement of the action, unless it sets up the fact affirmatively in a verified pleading. This would not preclude any such corporation, even though impliedly admitting its existence at the time of the commencement of the action, from proving under a general denial that contracts alleged to have been made in its name were made at a time when it had no corporate existence. It appearing that the agreement made with plaintiff by Lesser prior to the incorporation of defendant was ratified by the defendant company after its incorporation, the judgment should be allowed to stand, with costs of appeal and in the court below.

BIJUR and MULLAN, JJ., concur.

Judgment affirmed, with twenty-five dollars costs.