SAMUEL PORTMAN, Plaintiff, v. HANMAN BUILDING CORPORATION and ISIDORE REISS, Defendants.

City Court of New York, January 19, 1928.

**Workmen's compensation — subcontractors — plaintiff, employee of sub-contractor, was injured on building operation — action is against principal contractor and another subcontractor who is not plaintiff's employer — subcontractor wishes to amend to plead plaintiff's sole remedy is for compensation under Workmen's Compensation Law, § 56 — motion is denied.**

In an action by an employee of a subcontractor against the principal contractor on a building operation and another subcontractor to recover damages for injuries suffered by the plaintiff, a motion by the defendant subcontractor to amend his answer so as to plead that plaintiff's sole remedy is for compensation under the Workmen's Compensation Law, is insufficient in law.

The answer is insufficient since it contains no allegation that either the defendant subcontractor or the general contractor have secured compensation in one of the ways provided in the Workmen's Compensation Law, and for the further reason that section 56 of the Workmen's Compensation Law, although constitutional, applies only to a general contractor and the employees of a subcontractor, and has no application in cases of personal injury as between the employees of one subcontractor and another subcontractor.

MOTION by defendant to amend answer so as to plead that the sole remedy of the plaintiff, an employee of a subcontractor, is under the Workmen's Compensation Law.

*Morris Wagman,* for the plaintiff.

*Murray R. Paris,* for the defendant Reiss.

EVANS, J. Plaintiff was injured, as he claims, through the negligence of defendants. The Hanman Building Corporation was the general contractor on a building operation. Isidore Reiss was a subcontractor doing the roofing work. Plaintiff was employed by another subcontractor doing the carpenter work. Defendant Reiss wishes to amend his answer to plead that plaintiff's sole remedy is in compensation. The amendment is opposed as insufficient in law. Compensation would cover plaintiff and be his exclusive remedy, as between him and his employer. The statute (Workmen's Compensation Law, § 56) also attempts to settle plaintiff's rights against the general contractor, defendant Hanman Building Corporation, and provides compensation as the exclusive remedy, although there is no contractual relationship between plaintiff and the general contractor. It is believed by many, familiar with the subject, that the Constitution (Art. 1, § 19) does not, without some strain of interpretation, authorize the amendment. (Workmen's Compensation Law, § 56.) The argument is made that, while the amendment was passed to accomplish a humanitarian and practical result, there is, as yet, no constitutional authority for it. The Constitution, it is said, authorized compensation as a substitute for litigation between employer and employee, but not as between those sustaining no such relationship. There is much force to the contention. But so far as this court is concerned, it must follow *Casey v. Shane* (221 App. Div. 660), if pertinent here. The moving defendant relies upon *Casey v. Shane* for the proposed amendment. The proposed amended answer is insufficient. *First,* it contains no allegation that either defendant Reiss or the general contractor have secured compensation, in one of the ways provided by the act. *Second,* even if such allegation were made, the proposed amended answer would still be insufficient, because *Casey v. Shane* merely holds section 56 to be a constitutional act; and section 56 applies only as between the general contractor and employees of any subcontractor. There is nothing in section 56 that attempts to substitute the remedy of compensation for litigation, in cases of personal injury, as between the employees of one subcontractor and another subcontractor, in any hazardous occupation, conducted by a general contractor. The motion is denied, with ten dollars costs.