## LADD v. HUDSON et al.

No. 20397. Opinion Filed May 20, 1930.

W. A. Chase and G. C. Spillers, for petitioner.

Clayton B. Pierce, J. Berry King, Atty. Gen., and Robt. D. Crowe, Asst. Atty. Gen., for respondents.

HEFNER, J. B. A. Ladd, the petitioner herein, was employed by Hudson Wire & Iron Company and was injured in an automobile accident on October 21, 1927. The other car involved in the collision was owned by the Wilson Hardware Company of Claremore. The petitioner employed his attorneys and prosecuted a suit in the dis-

trict court of Tulsa county against the Wilson Hardware Company to recover damages for personal injuries sustained by him, but on the trial of the case in the district court the judgment was for the defendant.

No election of his intention to pursue his remedy against the third party, or notice of such intention, was filed with the Industrial Commission at any time. The accident occurred on October 21, 1927. The claim for compensation was filed by him before the Industrial Commission June 4, 1928. At the conclusion of a hearing by the Commission on September 24, 1928, a motion to dismiss the claim on the ground that the petitioner had not complied with the provisions of section 7302, C. O. S. 1921, and Rule 22 of the published rules of the Commission, was taken under advisement by the Commission. Thereafter another hearing was held by the Commission, and after the introduction of testimony the motion of the respondent for dismissal of the case was sustained. The order of dismissal is as follows:

"Now on this 29th day of April, 1929, the the State Industrial Commission being regularly in session, this cause comes on to be considered pursuant to hearing had at Tulsa, Okla., on September 24, 1928, before L. B. Kyle, chairman, to determine liability and extent of disability, at which hearing claimant appeared in person and by his attorney, Roy Ford, and subsequent hearing at Tulsa on April 18, 1929, before L. B. Kyle, commissioner, to take further testimony, at which hearing claimant appeared in person and by his attorney, W. A. Chase; respondent being represented by C. B. Pierce.

"Following the introduction of claimant's testimony respondent and insurance carrier renewed its motion to dismiss, and the Commission is of the opinion that said motion should be sustained.

"It is therefore ordered: That this cause be, and the same is hereby, dismissed for the reason that the statute nor the rules of the Commission in such cases made and provided have been complied with."

The petitioner contends that the order of the Commission should be vacated because of error in dismissing his application after the denial of his right to recover against the third party, and because the respondents advised him to file suit against the third party and are thereby estopped to assert that his failure to give notice of his election to pursue his remedy against the third party bars his right to recover under the Workmen's Compensation Act (Comp. St. 1921, sec. 7282, et seq.).

Section 7302, supra, is as follows:
"If a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this act, elect whether to take compensation under this act or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elects to take compensation under this act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person, or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this act for such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this act shall be made only with the written approval of the Commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same."

By virtue of authority granted the Commission to formulate rules, the Commission adopted Rule 22, which is as follows:

"If a workman entitled to compensation be injured by the negligence of another not in the same employment as set out in section 7302, Compiled Laws of Oklahoma 1921, the employee shall elect whether to take compensation under the Workmen's Compensation Act or pursue his remedy at common law against such other in the following manner:

"If he elects to take compensation, he shall so notify the Commission and shall make assignment of his cause of action against such other person to the insurance carrier, and if he elects to pursue his remedy against such other person causing injury, he shall in writing notify the Commission and the insurance carrier. In the event he fails to make such notification, the Commission will make no award against the insurance carrier for a deficiency if he recovers and collects less than his compensation would have been under the Workmen's Compensation Act."

The Legislature has provided that if the injured employee desires to prosecute a cause of action against a third person, such employee may elect to do so, and if he does not recover against the third person what he would have been entitled to under the compensation law, the Industrial Commission has jurisdiction to award to him the balance to which he would have been entitled had he pursued his case solely against the employer under the Workmen's Compensation Act. If the employee believes his

cause of action is such that he might recover more against the third person than he would be permitted to recover against his employer under the Compensation Law, then he doubtless would sue the third party. The law intended he should have that right. The employee, however, is required by law to elect which remedy he will pursue. If he elects to sue the third person, the insurance carrier is vitally interested, because under the law it will be required to make up the deficiency if the employee does not recover an amount equal to what he would be entitled to under the Workmen's Compensation Act. This is doubtless one of the reasons notice to it is required. If the employee desires to take advantage of the possibility of recovering a greater amount of damages by suing the third person, the law requires him to make an election of his remedy. An election cannot be made after the employee had exhausted his remedy against the third person.

The word "elect" contemplates the existence at the time of the election of at least two remedies. It contemplates the choosing between two or more different and co-existing modes of procedure and relief allowed by law on the same state of facts. When Ladd filed his claim with the Industrial Commission in June, 1928, he at that time had no election. The remedy against the third person had been exhausted. The statute prescribes the election shall be made before any suit or claim is filed under the act. If the employee is injured under circumstances which would permit him to bring suit against a third person for damages, he should first file with the Industrial Commission notice of his intention to pursue his remedy against the third person. If he files such notice while both remedies are open to him, such notice constitutes an election by him, and if he should not recover as much against the third person as he would have been entitled to under the Workmen's Compensation Act, he may then return to the Industrial Commission and be awarded all that is necessary to bring his total recovery up to the amount to which he was entitled under the art. If he wishes to take advantage of the act providing for the payment of any deficiency by the insurance carrier in the event he does not recover the amount allowed under the Workmen's Compensation Act, he must file his notice of election with the Industrial Commission in accordance with the statute and the rule adopted by the Commission, or be barred thereafter, unless there is some ground on which he may be excused therefrom. The employer and the insurance carrier are certainly interested in the outcome of the litigation against the third party and are entitled to the notice as provided for by law and the rule. If the employee seeks his remedy at law and fails to recover at all against the third person, or fails to recover the amount he would be entitled to under the Compensation Act, he cannot thereafter be awarded the deficiency amount by the Commission unless he has complied with the law and the rule with reference to the filing of the notice. This the petitioner did not do, and unless he is excused from doing so, he cannot recover in this action.

Are the facts sufficient to excuse him from giving the notice of his election to pursue his remedy at law against the third person? We think they are. Ladd testified that Mr. Hudson, one of the officers of the respondent herein, came to him about the second or third day after he was injured and while he was yet in the hospital and suggested to him that he sue the Wilson Hardware Company. He also testified that Mr. Hudson told him the insurance company would not pay for his injuries. This testimony is not denied by Mr. Hudson. The record then discloses that while the injured employee was yet in the hospital, suffering from the injuries received in the accident, he was advised by his employer that the insurance company would not pay for the injury and that the suit should be brought against the Wilson Hardware Company. This the employee did do. The injured employee therefore followed the direction given him by the employer to bring the suit against the third person. Since the employer directed that this be done before any suit was filed or claim made, we think the employee is thereby excused from giving the notice required by the statute of his election to pursue his remedy at law against the third person. It therefore follows that the order herein, dismissing the petition, should be vacated, and that the Commission should take such further proceedings herein as it deems reasonable and just.

MASON, C. J., and CLARK, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., and HUNT and RILEY, JJ., absent.

Note.—See under (1) anno. L. R. A. 1916A, 23; L. R. A. 1917D, 94; 19 A. L. R. 766; 39 A. L. R. 845; 28 R. C. L. p. 834; R. C. L. Perm. Supp. p. 6258. See Workmen's Compensation Acts—C. J. §168, p. 140, n. 94.