# PARKHILL TRUCK CO. v. WILSON.

No. 29437. April 28, 1942.

*125 P. 2d 1203.*

Hudson & Hudson, of Tulsa, for plaintiff in error.

Ward, Justus & Ward, of Tulsa, for defendant in error.

ARNOLD, J. T. E. Wilson filed this action in the district court of Tulsa county for damages for personal injuries alleged to have been caused by the negligent acts of the defendant, Parkhill Truck Company.

The plaintiff was an employee of the Osage Construction Company. The Osage Construction Company had a contract with the Continental Oil Company to remove and recondition certain pipe. The Osage Construction Company entered into a subcontract with the defendant, Parkhill Truck Company, to pick up the pipe, which had been recovered from the ground by the Osage

Construction Company, and haul it to certain racks for reconditioning and then to return and string said pipe along the pipe line right of way belonging to the Continental Oil Company.

The Osage Construction Company came within the purview of the Workmen's Compensation Act. The plaintiff, while engaged in his duties as an employee of the Osage Construction Company, was injured by reason of the alleged negligent acts of the defendant, Parkhill Truck Company.

It is admitted that, under the conditions which the plaintiff was injured, he would be entitled to recover against his employer, the Osage Construction Company, under the Workmen's Compensation Act. He filed his claim with the State Industrial Commission and immediately thereafter filed an application requesting the commission to hold his claim in abeyance pending the outcome of an action to be filed by him at common law against the defendant, a third party, for negligence. He expressly stated therein that he elected to sue the third party. The State Industrial Commission thereafter entered an order, recognizing plaintiff's election to proceed at common law against the third party and holding the claim in abeyance pending the outcome of the contemplated action against the third party. There was no written assignment of the cause of action against the third party required nor made.

Prior to filing the claim with the commission, the plaintiff had entered into a written agreement with his employer to the effect that, whereas he desired to prosecute a claim against the third party, the employer would pay medical bills and an amount equal to compensation in the meantime; that it would continue to pay him $18 per week in lieu of compensation during the period of his disability, or until his claim against the third party was terminated; that he was to retain any amount received in excess of the amount advanced, but hold his employer and its insurance carrier harmless to the extent of only the amount recovered by him.

The trial judge on the trial of this case instructed the jury that, if they believed that the aforesaid advances were really intended as compensation and that the notes given for the advancements were signed merely for the purpose of deceiving defendant and the State Industrial Commission and for leading defendant and the commission into the belief that the money was advanced as a loan, when in fact it was intended as compensation, then the verdict should be for defendant. The jury returned a verdict for the defendant. Thereafter the trial judge sustained plaintiff's motion for a new trial; one of the grounds given by him being that he had erred in instructing the jury in the manner stated above. The defendant appealed. The parties will be referred to herein as they appeared in the trial court.

The defendant contends that the question of whether plaintiff accepted the benefits of the Workmen's Compensation Act and what his "intention" was in "so doing" were proper questions of fact for the determination of the jury; that the jury finding thereon was binding because properly submitted. The defendant further contends that the question of contributory negligence was an issue under the evidence and properly submitted by the court. The defendant also contends that it was not a so-called "third party," but, on the contrary, was a co-employee of the plaintiff, and that by reason of this fact the plaintiff had no cause of action against it; that the demurrer to the evidence should have been sustained by the court and plaintiff's cause of action dismissed; that the evidence amply sustains the verdict of the jury in every respect, and the trial court, therefore, abused its discretion in sustaining the motion for a new trial.

Plaintiff contends that it is the duty of the trial court upon a motion for a new trial, which challenges the verdict upon the ground that it is contrary to the evidence, to weigh the evidence and approve or disapprove the verdict; that if the verdict is such that in the opinion of the trial court it should not be per-

mitted to stand because the court cannot conscientiously approve same, and it believes that it should have been for the opposite party, then its duty is to set the verdict of the jury aside and grant a new trial. Plaintiff also contends that the evidence in the case was not sufficient to raise the question of contributory negligence and that the court erred in submitting same to the jury; he further contends that the question of whether he had elected to accept benefits under the Workmen's Compensation Act was wholly immaterial as regards the issues between him and the defendant company; that whether or not he had complied with the provision of the Workmen's Compensation Act relative to his right to proceed against a negligent third party presents issues that concern no one except the Industrial Commission, his employer and insurance carrier. He further contends that in any event such issues do not present questions of fact for the determination of a jury; that the trial court having committed errors of law and having concluded that it could not conscientiously approve the verdict of the jury, either as to law or fact, the court did not abuse its discretion in granting a new trial.

The Workmen's Compensation Act was enacted by the Legislature for the benefit of injured employees engaged in the hazardous employments described therein. Such an employment was that of the plaintiff at the time of his injury. By this act it was not intended to affect, in any manner, the right of one to proceed against a negligent third party for personal injuries. The Workmen's Compensation Act provides compensation for injury without regard to negligence. It is obvious, therefore, that a cause of action arising under the Workmen's Compensation Act is by nature distinctly different from the common-law remedy for damages resulting from negligence. Although both arise by reason of injury, yet, under the Workmen's Compensation Act, the recovery is without regard to negligence and is governed by a scale or rate fixed by the Legislature and is in lieu of wages, while the common-law action for personal injury must be based upon and flow directly and proximately from negligent acts. It was never intended by the Legislature by the enactment of the Workmen's Compensation Act to abrogate, modify, or in any way affect the common-law right to exact payment of a negligent third party or tortfeasor. The whole act, construed in its proper light, shows that the Legislature never intended such an injurious effect. Since a greater responsibility was placed, by said act, upon those conducting hazardous employments, for the benefit of their injured employees than that placed upon such employers under the common law, the Legislature made provision therein for the protection of employers and their insurance carriers operating within its purview. Such a protective section is 13368, O. S. 1931, 85 Okla. St. Ann. § 44:

"If a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this act, elect whether to take compensation under this act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the commission may by rule or regulation prescribe. If he elects to take compensation under this act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this act for such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this act shall be made only with the written approval of the commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same."

It is apparent that the Legislature intended that before an injured workman, coming under the provisions of the Workmen's Compensation Act, whose injuries were caused by the negligence of a third party, should be entitled to the extraordinary benefits of the act, he should be required to elect which liability he would pursue first. For the protection of his employer and insurance carrier, who are obliged under the act to pay for injuries without regard to negligence, if an injured employee files a claim for compensation but desires first to proceed against the third party involved, he is required to assert such intention and assign his cause of action against the third party, under the rules to be prescribed by the commission, so that in the event of recovery against the negligent third party the employer and insurance carrier may, to some extent, recoup their loss by reason of payments made for injury without regard to negligence. This is a protection, however, to the employer and insurance carrier that they need not necessarily insist on; they could by voluntary action waive such protection. In no event, with or without election, with or without assignment, with or without the payment of compensation during the time the common-law action for negligence is being prosecuted, can the injured employee have the benefits of double compensation. The employer and insurance carrier are entitled to have all these protective provisions of the act complied with so that they can require recoupment in the event of the recovery from the negligent third party.

The contention is made by the defendant that the provision of section 13368, supra, "If he elects to take compensation under this act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, . . ." assigns, by operation of law, the cause of action against the third party to the insurance carrier of the employer, if the injured workman accepts the benefits of the Compensation Act for the reason that the acceptance of benefits under the act amounts to an election to take benefits under it. So it argues herein that the acceptance of benefits under the arrangement between the employer and claimant above was equivalent to an election to accept benefits under the act; that by operation of law his common-law action was assigned, and he, therefore, could not maintain a cause of action against it. Such construction and application of this provision would do violence to the intention of the Legislature, the interest of the injured workman, and would provide an unearned benefit in favor of a negligent third party. Such construction would be detrimental to the claimant because it would abrogate by assignment his common-law remedy; it would give to the insurance carrier the probable privilege of exacting a profit at the expense of the workman or it would give the negligent third party a reduced liability. Surely the Legislature never intended that the injured workman, who complies with such protective provision, should be injured unjustly thereby, and certainly the Legislature never intended to provide a way by which the negligent acts of a third party should be condoned or his liability therefor lessened; nor did it intend, by reason of the claimant helping the employer and insurance carrier to recoup their losses, that he suffer a detriment thereby and said employer and insurance carrier enjoy an unearned increment. Such an assignment as referred to in the provision, supra, whether accomplished by operation of law or acts of the parties, was intended to secure and protect the employer and insurance carrier. It would be manifestly unjust to require an injured workman to make an outright assignment that would forever take away his common-law right in order to get the benefits of the Workmen's Compensation Act when a negligent third party was involved. Under the interpretation contended for by the Parkhill Truck Company, third party herein, the injured workman would have one of two alternatives, he could forever forego his right

to proceed at common law against the third party and suffer the attendant disadvantages thereof, or he could forego the quick remedial benefits in lieu of wages prescribed by the Workmen's Compensation Act for whatever length of time required to prosecute his cause of action against the third party to final adjudication. The Workmen's Compensation Act requires him to do neither. This interpretation leads to the injury of the one it was intended to help; all for the benefit of a negligent third party. The average injured workman cannot forego the benefits of the act because of inability to work and earn a living for himself and family and the fact that he is financially unable to carry this burden. Without compensation in lieu of wages or payment by the employer, in accordance with some sort of arrangement, most injured workmen would be obliged to lose their common-law right against a third party. Such an unnecessary detriment was never intended by the Legislature.

Such an assignment, if required by the commission or if accomplished by the acts of the parties, is required for the protection of only the employer and insurance carrier and does not work an outright assignment of the cause of action. This entire section of the act was enacted to accomplish the avowed purpose of protecting the employer and insurance carrier by giving them notice of the intention of the injured workman, according to the prescribed rules of the Industrial Commission, so that they can follow him in the prosecution of his common-law action. The election to sue the third party or take compensation, filed with the Industrial Commission as prescribed by it, and the assignment of the cause of action in whatever form prescribed by the Industrial Commission together constitute the expressed or avowed intention of the injured workman, and in no event, by whatever means accomplished or required, does the assignment amount to more than a right of subrogation to the extent of the amount paid by the employer and insurance carrier.

A cause of action must be prosecuted by the real party in interest. Under such a situation as we have before us, an injured workman is a real party in interest in the prosecution of a claim for injuries based on the negligence of a third party. As to election of remedies, in such a situation as here, the concern of the defendant ends when a judgment for or against the plaintiff, a real party in interest, would protect him from any action upon the same demand by another, and when, as against the plaintiff, he may assert all defenses and counterclaims available to him were the claim prosecuted by the real owner. McCoy v. Moore, 185 Okla. 253, 91 P. 2d 87; Black v. Donelson, 79 Okla. 299, 193 P. 424. In the case at bar the plaintiff is a real party in interest. As shown herein the employer and insurance carrier merely have the right of subrogation and the assignment is to secure that right. The plaintiff is still the real owner of such cause of action. Even if this were not true, he certainly has an equitable interest therein and entitled to sue thereon. As hereinbefore shown, the defendant would be protected from any action upon the same demand by the employer and insurance carrier in the event of a judgment against it in favor of the injured employee. In this connection, note again that if the employee does not comply with the rules and regulations of the Industrial Commission as to election, assignment, etc., he may lose his right to proceed against his employer and insurance carrier under the Workmen's Compensation Act; if he complies, his employer and insurance carrier, having notice, can require subrogation and reimbursement out of the judgment obtained by the employee against the third party to the extent of the compensation or benefits advanced or paid under the act. So it will be seen that, conceding for the sake of argument the proposition of the defendant that you have here an ordinary question of election of remedies, the position of the defendant relative thereto is untenable.

The Workmen's Compensation Act was not enacted by the Legislature for the benefit and protection of a negligent third party, nor does it purport to increase or decrease such third party's liability under the common law for negligence. It is no concern of a negligent third party what the arrangement is between the injured employee on the one hand and his employer and insurance carrier on the other. In no event will the negligent third party be required to pay a greater amount than reasonably represents the injuries which he inflicted by his wrongful acts; this amount he should pay. He cannot be required to pay more than one judgment. As was said by the Ohio court in Trumbull Cliffs Furnace Co. v. Shackovsky, 27 Ohio St. 522, 161 N.E. 238:

"The act or law (referring to the Compensation Law) does not provide for full compensation; and, even if it did, to hold that a third person might negligently injure a man while that man was in the course of his master's business, and escape liability merely because the man's employer was a contributor to the state insurance fund, would inevitably lead to wanton destruction of limb and life. To so hold would be tantamount to holding that, because a man has ample insurance upon his life, another may negligently kill him, or, if he has an accident policy, another may wantonly injure him, and plead the payment of the insurance as a defense to an action for injury or death. It has been so uniformly held that this cannot be done that it would be useless and unnecessary to cite authorities in support of the proposition."

The same fundamental thought was expressed by the Kansas court in Jolley v. United Power & Light Corp., 131 Kan. 102, 289 P. 962, wherein it used the following language:

"As pointed out in the Moeser Case, supra, it is no concern of the third party what the employer or employee do with reference to a cause of action against the third party. No matter what they may do, the liability of the third party cannot be increased nor diminished by any action of theirs. The third party is in no way prejudiced by the failure to observe the provision of the statute. The employer and employee may, if they see fit, waive the 90-day provision in the statute, and, so long as they are satisfied with their dealings as between themselves, the matter is of no concern to the third party who has wrongfully injured the employee."

If the injured workman complies with the act and the rules and regulations of the Industrial Commission relative to election and assignment, the employer and insurance carrier can follow the employee's common-law action against the third party and require recoupment from the proceeds of any judgment procured by the injured employee. Any arrangement between the employer, the insurance carrier, and the injured employee relative to the payment of compensation or benefits under the Workmen's Compensation Act furnishes no defense in behalf of a negligent third party. So it follows that the negligent third party in such a case as the one at bar has only such defenses as would be available in an ordinary negligence case.

If the injured workman complies with the Workmen's Compensation Act relative to election to take compensation or pursues his remedy against a third party, the employer and insurance carrier, having notice thereof, can amply protect themselves. If the injured employee fails to comply with the Workmen's Compensation Act in this respect and pursues his remedy against the third party without asserting his election and complying with the rules and regulations of the commission relative thereto, he may waive his right thereafter to proceed against the employer and insurance carrier under the act. In Keener Oil & Gas Co. v. Bushong, 176 Okla. 565, 56 P. 2d 819 (syllabus 1), we said:

"That part of section 7302, C. O. S. 1921, which provides that, when an employee entitled to compensation under the Workmen's Compensation Law be injured by the negligence or wrong of another not in the same employ, such injured workman shall before suit or claim under said act elect whether to

take compensation under the act, or to pursue his remedy against such other party, means that the election shall be made before any suit or claim is commenced or filed under the Workmen's Compensation Law, and does not mean before a common-law action is commenced against such third party, and notice to do so is not a condition precedent to the commencement and maintenance of such action, but, by commencing such action without the election and notice, he may forfeit his right to compensation, even though he does not recover as much in the action against the third party as he would be entitled to receive under the Workmen's Compensation Law."

It will be observed that the views herein expressed will preserve and protect the rights of all the parties concerned; the Industrial Commission, which has a public duty to perform; the employer and insurance carrier, who pay for injury without regard to negligence; and the negligent third party, who pays only for injury which flows directly and proximately from his negligent acts. Any other interpretation of the Workmen's Compensation Act would do violence to the evident intention of the Legislature and produce an unnecessary and unwarranted injury to the injured employee in behalf of his employer and insurance carrier or the negligent third party.

The statutes of the various states vary greatly and the interpretations placed thereon likewise vary greatly. They fall generally into three fairly well-defined classes: The first class includes those statutes where the express right is given to the employee to recover compensation and also to sue the third party for negligence at the same time. Typical of such statutes are those of New Jersey, Kansas, and California. The second class does not expressly give the employee the right to recover compensation and to sue the third party, but provides that if compensation is paid the employer is subrogated to the rights of the employee to the extent of the amount which he has paid, but that any surplus he may recover goes to the injured employee. Typical of such stat-utes are Texas and Missouri. The third class of statutes are those that are similar to the Oklahoma statute. The statutes of Arizona, Utah, Oregon, Washington, and also the statute of New York, prior to the amendment thereof, are included in this group. (The present New York statute would fall under the first classification.)

Our first interpretation of this section is found in the case of Barton v. Okla., K. & M. Ry. Co., 96 Okla. 119, 220 P. 929; then comes the case of Ridley v. United Sash & Door Co. et al., 98 Okla. 80, 224 P. 351, which follows the New York interpretation in such cases as Royal Indemnity Co. v. Platt & Washburn Refg. Co., 98 Misc. 613, 163 N.Y.S. 197; Louis Bossert & Sons v. Piel Bros., 112 Misc. 117, 182 N.Y.S. 620, and other cases. Apparently the New York court gave too strict a construction to the words "election" and "assignment" used in the New York act and overlooked the real intention of its Legislature and the fact that an assignment may be made for protection or security without parting with the equitable title. Such an assignment being made only for protection and security, you do not have a situation presenting the problem of election of remedies. The injured employee always had two separate and distinct remedies that, except for this provision of the statute, could be exercised at the same time. As regards his employer and insurance carrier under this provision, he cannot exercise his right to pursue both or either, without prejudice, until he has done the things prescribed by the statute which do not prejudice the negligent third party.

The following cases, which have either expressed views contrary hereto or approved procedure not in accord with our views herein expressed, are overruled insofar as they are in conflict herewith: Barton v. Okla., K. & M. Ry. Co., supra; Ridley v. United Sash & Door Co. et al., supra; Eagle-Picher Lead Co. et al. v. Kirby, 109 Okla. 96, 235 P. 176.

The contention that the plaintiff and the defendant company being in the

employ of the same general contractor makes the plaintiff and defendant co-employees, is without merit. The employer of plaintiff, Osage Construction Company, was a general contractor, and as such hired the defendant, Parkhill Truck Company, as an independent subcontractor to do a particular part of the general contractor's job, to wit, haul pipe to and from the reconditioning plant. Plaintiff when injured was not engaged in helping the defendant independent subcontractor. Plaintiff and defendant were not co-employees for the reason that the defendant company was independent of the employer of the plaintiff. An independent contractor is not an employee as the word "employee" is used in this respect, though such independent contractor is in the general employment of a general contractor. An employee, as related to this kind of situation, means one under the direct supervision and control of his immediate employer. The independent contractor, Parkhill Truck Company, is a third party. See 14 Words and Phrases (Perm. Ed.) p. 357; 21 Words and Phrases (Perm. Ed.) p. 10; Dolese Bros. v. Tollett, 162 Okla. 158, 19 P. 2d 570; Portman v. Hanman Bldg. Corp. et al., 131 Misc. 168, 226 N.Y.S. 395.

We do not pass upon the question of whether the plaintiff would be a co-employee if he were at the time of his injury actually helping the defendant company perform its distinct part of the whole job of the general contractor.

It is not necessary to pass upon the proposition concerning negligence and abuse of discretion, since we have held there was error in submitting the question of election and acceptance of benefits under the Workmen's Compensation Act to the jury.

The judgment of the trial court is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, HURST, and DAVISON, JJ., concur. GIBSON, J., concurs in conclusion.