DeSHAZER v. NATIONAL BISCUIT CO. et al.

No. 31910. Feb. 5, 1946.

165 P. 2d 816.

R. O. Swimmer and Chas. D. Scales, both of Oklahoma City, for petitioner.

Clayton B. Pierce and Fred M. Mock, both of Oklahoma City, and Randell S. Cobb, Atty. Gen., for respondents.

DAVISON, J. This is an original pro-

ceeding brought by James Mackill De-Shazer, hereinafter called petitioner, to review an order of the State Industrial Commission denying an award against the National Biscuit Company, hereinafter called respondent.

Petitioner, on March 17, 1944, while in the employ of the respondent was stacking boxes of crackers in a freight car. The Missouri-Kansas-Texas Railroad Company, in switching operations, caused the boxes and a gate, which petitioner was using to hold the boxes in place, to fall upon him, and petitioner was injured.

Employee's first notice of injury and claim for compensation was filed with the Industrial Commission on April 6, 1944. On April 18, 1944, the petitioner in consideration of $650 paid by the railroad company executed a full compromise settlement of all claims, demands, or causes of action against the railroad company and the respondent by reason of the injury caused by "rought handling of said railroad company's yard engine No. 13 of box car" in which petitioner was working. The railroad company by the instrument also agreed to pay doctor and hospital expenses therein enumerated.

The matter was thereafter heard by the Industrial Commission and was defended by the respondent on the theory that claimant had made a full and complete settlement with the railroad company without the approval or consent of respondent or of the Industrial Commission as provided for under 85 O. S. 1941 § 44. Evidence was introduced as to the cause of the injury. Petitioner testified to receipt of $650, paid exclusively by the railroad company, and further testified to the execution of the settlement instrument as being voluntary on his part and not having been forced or influenced by the respondent. The commission had not approved the settlement.

The State Industrial Commission entered its order of June 2, 1944, finding the petitioner sustained an accidental personal injury arising out of and in the course of his employment on March 17, 1944, and that said injury was caused by the negligence of another not in the same employment, and "on April 18, 1944, petitioner, without the approval of this commission and without the consent of respondent, compromised and settled with the Missouri-Kansas-Texas Railroad Company, the third party aforesaid, for the sum of $650, and released said railroad company from any further liability for said injury, and that claimant, having so elected, is not entitled to pursue his cause in this commission and an award should be denied." The order was affirmed and adopted by the commission en banc.

The facts of this case and the rights of the parties are governed by 85 O. S. 1941 § 44, herewith quoted:

"If a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this act, elect whether to take compensation under this act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the commission may by rule or regulation prescribe. If he elects to take compensation under this act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this act for such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this act shall be made only with the written approval of the commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same."

The Workmen's Compensation Act and this statute in particular was the subject of interpretation in Parkhill Truck Co. v. Wilson, 190 Okla. 473, 125 P. 2d 203, wherein the rights and liabilities of persons falling within its provisions are set forth:

" . . . Since a greater responsibility was placed, by said act, upon those conducting hazardous employments, for the benefit of their injured employees than that placed upon such employers under the common law, the Legislature made provision therein for the protection of employers and their insurance carriers operating within its purview . . .

"It is apparent that the Legislature intended that before an injured workman, coming under the provisions of the Workmen's Compensation Act, whose injuries were caused by the negligence of a third party should be entitled to the extraordinary benefits of the act, he should be required to elect which liability he would pursue first. . . . The employer and insurance carrier are entitled to have all these protective provisions of the act complied with so that they can require recoupment in the event of recovery from the negligent third party. . . .

"The entire section of the act was enacted to accomplish the avowed purpose of protecting the employer and insurance carrier by giving them notice of the intention of the injured workman, according to the prescribed rules of the Industrial Commission, so that they can follow him in the prosecution of his common law action. The election to sue the third party or take compensation, filed with the Industrial Commission as prescribed by it and the assignment of the cause of action in whatever form prescribed by the Industrial Commission together constitute the expressed or avowed intention of the injured workman and in no event, by whatever means accomplished or required, does the assignment amount to more than a right of subrogation to the extent of the amount paid by the employer and insurance carrier. . . .

"If the injured workman complies with the Workman's Compensation Act relative to election to take compensation or pursues his remedy against a third party, the employer and insurance carrier, having notice thereof, can amply protect themselves. . . ."

This court has further construed the rights of the employer and insurance carrier independently of 85 O. S. 1941 § 44, in Stinchcomb v. Dodson, 190 Okla. 643, 126 P. 2d 257. In the syllabus we said:

"Where the negligence of defendant resulted in injuries to one subject to the provisions of the Workmen's Compensation Law who received an award of compensation for disability resulting from the injuries, which award was paid by the insurance carrier of the employer of the injured workman, said insurance carrier may maintain an action in its own name against defendant for indemnity, which right is independent of the provisions of 85 O.S. 1941 § 44, relating to assignments of such causes of action to the insurance carrier."

The respondent herein under the statute and independent of the statute was entitled to proceed against the Missouri-Kansas-Texas Railroad Company for any amounts paid by respondent as compensation to the petitioner. The petitioner by his acts has barred the respondent from taking such action by accepting from the railroad company the sum of $650, and executing a settlement of all claims which petitioner possessed against the railroad company by reason of the acts of the company resulting in the injury.

Our attention is called to the case of Ladd v. Hudson, 143 Okla. 174, 288 P. 331. In that case the employee was injured by a third party and filed suit in district court to recover damages for personal injuries. On trial the judgment was for defendant. Approximately seven months after the injury, claim was filed in the Industrial Commission. Motion to dismiss this claim was sustained by the commission and this court on review thereof vacated the order of dismissal. We said in that case:

" . . . If the employee seeks his remedy at law and fails to recover at all against the third person, or fails to recover the amount he would be entitled to under the Compensation Act, he cannot thereafter be awarded the deficiency amount by the commission unless he has complied with the law and the rule with reference to the filing of the notice. This the petitioner did not do, and, unless he is excused from doing so, he cannot recover in this action."

Under the facts we held the employee was excused from giving notice by reason of the fact that the employer advised the employee the insurance company would not pay for the injuries and that suit should be brought against the third party causing the injuries.

The following cases are cited in the brief of petitioner: Chickasha Motor Co. v. State Industrial Commission, 174 Okla. 304, 50 P. 2d 308, in which release was given by employee to insurance carrier of third party without consideration and at request of representative of insurance carrier of employer, and waiver held invalid under 85 O. S. 1941 § 47; Sinclair Oil & Gas Co. v. State Industrial Commission, 151 Okla. 228, 3 P. 2d 438, in which settlement by employee with third party was urged, requested, and·induced by agent of employer and award affirmed.

In the case before us the State Industrial Commission found that petitioner settled his claim against the railroad company without the approval of the commission and without the consent of the respondent. This court is of the opinion that such finding is proper under the facts in this case and that the order denying an award should be affirmed.

The case of B & M Construction Co. v. Anglin, 185 Okla. 543, 94 P. 2d 907, is overruled insofar as it is in conflict herewith.

A consideration of the contention of the petitioner with reference to Rule 22 of the State Industrial Commission is not necessary to the decision in this case.

The petition for review is denied and the findings and order of the State Industrial Commission are affirmed.

GIBSON, C. J., HURST, V. C. J., and RILEY, OSBORN, BAYLESS, WELCH, and CORN, JJ., concur.