**L. B. JACKSON DRILLING COMPANY,**
Petitioner,

v.

**G. Carl PRICHARD and the State Industrial Commission, Respondents.**

No. 37395.

Supreme Court of Oklahoma.

Dec. 26, 1956.

Rehearing Denied March 12, 1957.

Rhodes, Crowe, Hieronymus & Holloway, Philip N. Landa, Randall G. West, Tulsa, Okl., for petitioner.

Wm. G. Smith, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

CARLILE, Justice.

On the 26th day of August, 1955, G. Carl Prichard, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that while employed by L. B. Jackson Drilling Company he sustained an accidental injury arising out of and in the course of his employment on July 30, 1954, when he was injured in an automobile accident. An award was made by the State Industrial Commission, and this proceeding is brought by L. B. Jackson Drilling Company, hereinafter called petitioner, to review the award which is in part as follows:

"On July 30, 1954, claimant herein was in the employ of respondent engaged in a hazardous occupation within the meaning of the Workmen's Compensation Law, and on said date sustained an accidental injury, arising out of and in the course of his employment, consisting of injuries to his left hip, left knee, right shoulder, chest and laceration of chin; that at the time of said injury claimant's wages were sufficient to fix his compensation rate at $28.00 per week.

"That the statute was tolled by payment of salary in lieu of compensation and furnishing of medical treatment.

"As a result of said injury claimant sustained permanent partial disability to his body as a whole to the extent of 25%, for which he is entitled to compensation for 125 weeks at $28.00 per week, or a total sum of $3500.00, less $1336.75 received against the third party, leaving due claimant $2163.25.

"It is therefore ordered that respondent pay to claimant the sum of $3500.00, as an award for permanent partial disability, less the $1336.75 received against the 3rd party, leaving due claimant the sum of $2163.25, same payable in a lump sum; it is further ordered that respondent pay to claimant's attorney, the sum of $700.00, same to be deducted from the end of said award; it is further ordered that the sum of $70.00, being two percent, be deducted therefrom and paid to the Special Indemnity Fund, and respondent pay a like sum."

The cause and extent of disability are not in dispute. The evidence discloses that claimant was drilling superintendent for petitioner and was stationed at Norman, Oklahoma. He was injured July 30, 1954 when his car, driven by his daughter, and one attempting to pass a truck collided two miles from Chickasha. Both claimant and his daughter received serious injuries. Claimant was taken to the Chickasha hospital, where he remained five days and was removed to Norman to a hospital. He was in the hospitals twenty-seven days. He was not able to return to work for two months. Following the accidental injury a settlement was obtained by claimant with the third party, owner of the other vehicle involved in the accidental injury. In this settlement payment was also made to claimant's daughter.

At the first hearing on the claim the following stipulation was entered into:

"Mr. West: I believe we can stipulate that he was in the employ of the respondent on the date of the alleged accident of July 30, 1954, and that his work and duties at that time, brought him under the Workmen's Compensation law. That his salary was sufficient to entitle him to the maximum under the Workmen's Compensation Law. We have filed a motion denying this case on the grounds of Statute of Limitations. I think that's all."

Claimant was the only witness, no witnesses being offered by petitioner. All the settlement with the third party, and information about the accidental injury,

the filing of the claim was obtained by examination of claimant in his testimony in chief or on cross-examination.

The first two propositions are that the claim was barred by Statute of Limitation, and that the accidental injury did not arise out of and in the course of employment. The evidence is undisputed that petitioner was notified immediately that claimant was in the hospital and the full details of his accident were explained to Jackson, the owner. He was paid full wages while in the hospital and until his return to work. He filed his claim within twenty-seven days after a year from the accidental injury. Under the undisputed evidence his claim was filed within one year after the payment of wages in lieu of compensation.

In disregard of the above and foregoing stipulation petitioner argues that the accidental injury did not arise out of and in the course of employment. This contention is without serious merit. The uncontradicted evidence discloses that not only was claimant stationed at Norman for business reasons but was on call at all times and on a specific errand for petitioner when the accidental injury occurred. The only suggestion by petitioner that the accidental injury did not arise out of and in the course of employment was a question on cross-examination as to whether claimant's daughter was driving his car at the time of the accidental injury.

Whether an accidental injury arises out of and in the course of employment is a question of fact. Standish Pipe Line Co. v. Johnson, 197 Okl. 238, 169 P.2d 1018. There is competent evidence reasonably tending to support the finding that the accidental injury arose out of and in the course of employment.

Finally, in disregard of the stipulation, it is argued that the claim is barred because there was no compliance with Rule 21 of the State Industrial Commission and 85 O.S.1951 § 44, requiring an assignment of claim to the employer where proceeding is maintained against a third party causing the accidental injury. The State Industrial Commission did not apply the rule and we do not think it should be applied. The failure to assign the claim or comply with the rule was not specifically raised in the answer, wherein it is stated:

"Further answering, respondent states and alleges: that said accident and said injury to claimant was caused by the negligent acts of a third party tort feasor—one Elton Tullis, and that as a result thereof claimant has pursued his remedy in the form of a civil claim against said third party tort feasor and his insurors, and that having pursued said civil claim claimant has recovered from said third party tort feasor and his insuror, a sum of money in excess of that to which he would have been entitled, under workmen's compensation statutes, from this respondent, inclusive of respondent's temporary total disability, necessary medical expense, and permanent partial disability; and further answering, that said sum recovered by claimant is sufficient in excess of that to which he would have been so entitled, to more than cover and include any present necessary medical expense indicated by claimant; and that, having obtained such recovery, claimant has released said third party tort feasor and its insuror from all liability in connection therewith, thereby depriving respondent of any opportunity to recoup from said third party tort feasor in event of an award by this Commission to claimant and against respondent."

Petitioner was at once notified of the accidental injury and the owner Jackson sent a telegram to the claimant at the hospital in Chickasha. The testimony relating to the claim against the third party is as follows:

"Q. What was done to the cause of action against the third party or the other automobile? A. What action was taken?

"Q. Just tell the Commission what happened. A. Well, Mr. West handled that for me.

"Q. What job was he in at that time? A. Attorney for the L. B. Jackson Company.

"Q. Representing you there on that wreck, is that right? A. Yes, sir.

"Q. Did you have any other representation other than Mr. West? A. No, sir.

"Q. He handled your case? A. Yes, sir.

"Q. Was it finally settled? A. Yes, sir.

"Q. Who effected your settlement? A. Mr. West there.

"Q. Who made the contact with the Insurance Company for the Third Party? A. Mr. West."

The evidence further discloses that counsel for petitioner as attorney for claimant maintained the claim against the third party with full knowledge and consent of petitioner at all times and that petitioner paid his attorney for his services.

Petitioner cites Parkhill Truck Co. v. Wilson, 190 Okl. 473, 125 P.2d 203; DeShazer v. National Biscuit Co., 196 Okl. 458, 165 P.2d 816. In Parkhill Truck Co. v. Wilson, supra, it was determined that a third party had no right to object to the failure to make an assignment as required by the statute. Therein, in discussing the statutory requirement, it is stated [190 Okl. 473, 125 P.2d 207]:

"This is a protection, however, to the employer and insurance carrier that they need not necessarily insist on; they could by voluntary action waive such protection."

In DeShazer v. National Biscuit Company, supra, it is stated:

"Where the injured employee compromises and fully settles with the third party causing the injury, without the approval or consent of Industrial Commission, and employer has not waived the duty imposed by 85 O.S. 1941 § 44, an order of the Industrial Commission denying an award will be affirmed."

The circumstances in the case under consideration are more like Ladd v. Hudson, 143 Okl. 174, 288 P. 331, 333. Therein it is stated:

"* * * The record then discloses that while the injured employee was yet in the hospital, suffering from the injuries received in the accident, he was advised by his employer that the insurance company would not pay for the injury and that the suit should be brought against the Wilson Hardware Company. This the employee did do. The injured employee therefore followed the direction given him by the employer to bring the suit against the third person. Since the employer directed that this be done before any suit was filed or claim made, we think the employee is thereby excused from giving the notice required by the statute of his election to pursue his remedy at law against the third person."

See also Noble Drilling Company v. Murphy, 131 Okl. 34, 267 P. 659. In this connection it is asserted that claimant received more than he was entitled to under the Workmen's Compensation Law. The amount the State Industrial Commission found claimant received from the third party is supported by the evidence. Petitioner offered no evidence on this question other than to examine claimant on cross-examination as to whether he had received some payments from his daughter. The contention that the claim is barred because of failure to make an assignment or that the claimant has received more than he is entitled to under the Workmen's Compensation Law when given credit for the amount received from the third party cannot be sustained.

Award sustained.