**BOND MARBLE & TILE OFFICE and Utilities Insurance Company, Petitioners,**

v.

**Homer L. ROSE and Oklahoma State Industrial Commission, Respondents.**

**No. 37668.**

Supreme Court of Oklahoma.

March 11, 1958.

Rucker, Tabor & Cox, Dennis J. Downing, Tulsa, for petitioners.

Charles C. Chesnut, Miami, Mac Q. Williamson, Atty. Gen., for respondents.

CARLILE, Justice.

On the 6th day of September, 1955, Homer L. Rose, respondent herein, filed a claim for compensation against Bond Marble & Tile Office and its insurance carrier, Utilities Insurance Company, petitioners herein, in which he states that on May 3, 1955, while in the employ of respondent, Bond Marble & Tile Office, he sustained an accidental injury consisting of injury to his right shoulder and elbow and lower back, causing some disability to his person. The accident occurred while he was engaged in the unloading of a car of tile from a parked freight car belonging to the St. Louis-San Francisco Railroad Company, a corporation, and was caused by the engineer of the railroad company negligently backing a switch engine against the box car in which he was working.

The record discloses that respondent, after filing said claim, elected to proceed against the St. Louis-San Francisco Railroad Company to recover damages sustained as the result of his said injury; that

he thereafter filed notice of such election with the State Industrial Commission and moved that the claim for compensation be held in abeyance until the said suit against St. Louis-San Francisco Railroad Company in the District Court of Ottawa County, Oklahoma, to recover damages sustained because of the alleged negligence of the railway company. Pending trial of the suit respondent compromised his claim for damages against the St. Louis-San Francisco Railroad Company for the sum of $3,500, and judgment based on the compromise was entered into without the written approval of the State Industrial Commission, or without the approval of his employer and its insurance carrier. The proceedings were had and brought under the authority of 85 O.S. 1951 § 44, which provides:

"If a workman entitled to compensation under this Act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this Act, elect whether to take compensation under this Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elects to take compensation under this Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against the other person actually collected, and the compensation provided or estimated by this Act for such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this Act shall be made only with the written approval of the Commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same."

Respondent, after making the above settlement, and on June 16, 1956, filed a motion with the State Industrial Commission requesting that his claim for compensation be set for hearing at an early date. The case was thereafter set for trial and heard on September 26, 1956. At the beginning of the hearing it was stipulated by respective counsel that the compromise and settlement of claimant's suit against the St. Louis-San Francisco Railroad Company was not made with the approval of the Industrial Commission or the insurance carrier. Whereupon, counsel for petitioners moved that the case be dismissed. Ruling on the motion was withheld. The trial judge, at the close of the hearing, found that on the 3rd day of May, 1956, respondent, while in the employ of Bond Marble & Tile Office, sustained an accidental injury arising out of and in the course of his employment, consisting of an injury to his hand, neck, back, chest and right shoulder, and was entitled to compensation for temporary total disability, payable at the rate of $28 per week from May 3, 1955, to July 25, 1955, and to begin again at the time claimant reports for medical attention, and to continue for and during claimant's period of said disability, not to exceed 300 weeks, or until the further order of the Commission; that claimant was entitled to be furnished such medical attention as might be necessary for correction of his condition due to said injury at the hands of a competent physician to be selected by respondent or insurance carrier. The trial judge further found:

"That claimant settled his claim with the third party defendant without the written approval of respondent, Utilities Insurance Company, however, said insurance carrier had knowledge of the settlement and acquiesced therein, and written approval of said carrier was not necessary; that the settlement was for the amount of the said judgment in the third party action, or $3500.00, and that said settlement should be approved by this Commission."

The trial judge, upon such findings, awarded claimant temporary total compensation from the 3rd day of May, 1955 to July 25, 1955, in the sum of $336, and ordered that said compensation be paid within 20 days after such order, and further ordered that temporary total compensation continue at $28 per week until further order of the Commission, not to exceed 300 weeks, and directed petitioners to furnish claimant further medical treatment. The order was affirmed and adopted by the Commission en banc.

Petitioners bring the case here to review the award, and in their first proposition contend:

"The respondent having elected to pursue his civil action against a third party and in pursuance to said election settled the claim without the written approval of the State Industrial Commission or the petitioners herein cannot further prosecute this claim and the ward of the Industrial Commission should therefore be reversed."

It is conceded by respondent that, in the absence of a waiver of his employer or the insurance carrier, the above contention of petitioners is correct, and we agree. In DeShazer v. National Biscuit Co., 196 Okl. 458, 165 P.2d 816, we announced the following rule:

"The provisions of 85 O.S.1941, § 44 of the Workmen's Compensation Act provide the procedure to be taken and rights of employer and employee when a workman entitled to compensation under the act is injured by the negligence or wrong of another not in the same employ. The duty imposed on the injured workman thereunder may however, in certain circumstances, be waived by the employer and insurance carrier.

"Where the injured employee compromises and fully settles with the third party causing the injury, without the approval or consent of Industrial Commission, and employer has not waived

the duty imposed by 85 O.S.1941, § 44, an order of the Industrial Commission denying an award will be affirmed."

Respondent, however, contends that the evidence shows that petitioners waived the provisions of the statute requiring approval of the compromise, as above indicated, and cites in support thereof: Noble Drilling Co. v. Murphy, 131 Okl. 34, 267 P. 659; Sinclair Oil & Gas Co. v. State Industrial Commission, 151 Okl. 228, 3 P.2d 438; Canode v. Claypool & Wheeler, 86 Okl. 262, 207 P. 974; Ladd v. Hudson, 143 Okl. 174, 288 P. 331. We have considered the preceding cases cited by respondent, and find the facts and circumstances of each differs materially from those in the present proceeding, and we deem it sufficient to say that we do not consider the holding in the cases cited as applicable nor controlling in the present action.

Petitioners contend that there is a total lack of evidence tending to establish a waiver. The only statement or evidence tending to establish waiver consists of a voluntary statement made by counsel for respondent during the trial of the case, which statement is as follows:

"Mr. Chestnut: If the Court please, I would like to make the statement, which Mr. Downing could verify with Mr. Tabor, in his office, that after I received an order from the State Industrial Commission to proceed against a third party, the case was filed in the Federal Court and I was talking to Mr. Tabor over the telephone and stated to him that if it was necessary to actually go to trial on this case, would he be interested in associating and he advised that he would. I advised him that we could settle it for a reasonable amount and that we would probably settle, but if we had to go to trial would he be interested in associating and he advised he would. I subsequently advised—after the case was settled—I advised Tom Palmer orally here in Miami, and when Mr. Downing wrote me a letter wanting to know what the settlement was, then I advised

him in writing what the settlement was and no objection was filed thereto by any member of the firm, at any time.

"Mr. Downing: To verify the statement, Mr. Chestnut, your conversation with Mr. Tabor was for the purpose of his joining with you in representing the claimant against the railroad.

"Mr. Chestnut: That's right.

"Mr. Downing: I move to strike the statement as having no bearing on the issues in this case at this time.

"The Court: The statement will not be stricken, Mr. Downing. That might amount to an agreement with the statute, so the statement will not be stricken.

"Mr. Downing: Allow me an exception.

"The Court: Allowed."

It is obvious from the language of the statement that the purpose of the telephone conversation referred to between counsel was to ascertain if Mr. Tabor would be interested in associating with Mr. Chesnut in the trial of the case should it become necessary to go to trial. Apparently no further or later communication was had between counsel concerning the third party suit until sometime after the case was settled. No notice was given the Commission, the employer or insurance carier of the compromise and settlement of the suit at or prior to the consummation thereof, as required by 85 O.S.1951 § 44, supra.

The opinion in DeShazer v. National Biscuit Co., supra, quotes with approval from Parkhill Truck Co. v. Wilson, 190 Okl. 473, 125 P.2d 203, wherein the court, in referring to Workmen's Compensation Act, said:

"* * * Since a greater responsibility was placed, by said act, upon those conducting hazardous employments, for the benefit of their injured employes than that placed upon such employers under the common law, the Legislature made provision therein for

the protection of employers and their insurance carriers operating within its purview. * * *."

We find no evidence in the record to justify or tending to support the finding by the Commission that the insurance carrier had knowledge of the settlement of the third party action and acquiesced therein. The voluntary statement by respondent's counsel concerning his conversation with counsel for the employer and insurance carrier was wholly insufficient to warrant or support any such finding or conclusion.

"Where there is an entire absence of any competent evidence upon which to base a material finding of the State Industrial Commission necessary to support an award of compensation, this court will declare as a matter of law that an award based upon such unsupported material finding is unauthorized and will vacate the same." Four States Oil and Gas Company v. Brecht, Okl., 290 P.2d 422.

We find and conclude, as a matter of law, that respondent voluntarily compromised and settled his third party action and claim for injuries arising out of and in the course of his employment without the approval of either the Industrial Commission, the employer, or the insurance carrier, and that there is an entire lack of evidence tending to support and establish the finding by the Commission of a waiver of the statutory requirement that such compromise and settlement be approved by the Commission, the employer, or the insurance carrier and, therefore, the award in favor of the respondent should be vacated and his claim denied.

Petitioners charge in their second and third propositions that the Commission failed to allow credit for the amount of respondent's recovery under the third party settlement, and further charged that there is no competent medical evidence to sustain the claim of total disability of claimant. In view of our holding on first proposition presented by petitioners it becomes unnec-essary to consider and review such later propositions.

The award of the State Industrial Commission is vacated and the cause is remanded to the Commission with directions to deny respondent's claim under the Workmen's Compensation Law.

WELCH, C. J., CORN, V. C. J., and DAVISON, HALLEY, WILLIAMS, BLACKBIRD and JACKSON, JJ., concur.