### SINCLAIR OIL & GAS CO. v. STATE INDUSTRIAL COM. et al.

No. 22282. Opinion Filed Sept. 29, 1931.

Edward H. Chandler and Summers Hardy, for petitioner.

Fred M. Hammer, J. M. Siler, and M. J. Parmenter, for respondents.

RILEY, J. This is an original proceeding in this court to review an award made by the State Industrial Commission in favor of respondent William Hassell and against the petitioner, Sinclair Oil & Gas Company.

On December 24, 1929, Hassell, while an employee of petitioner, and in the course of his employment, received certain accidental injuries from an explosion of natural gas escaping from a gas line jointly used by Oklahoma Natural Gas Corporation, Prairie Oil & Gas Company, Phillips Petroleum Company, T. B. Slick, and J. E. Mabee, Incorporated.

On January 11, 1930, Hassell filed with the State Industrial Commission his notice of injury and claim for compensation, together with an election to pursue his common-law remedy against the parties jointly in control of the gas line.

On February 17, 1930, the Commission made and entered an order as follows:

"It further appearing: That claimant has elected to pursue his remedy at common law against a third party by virtue of section 7302, Revised Oklahoma Statutes 1921, as amended 1923.

"It is further ordered: That this cause be and the same is hereby stayed pending the termination of the suit against such other party than respondent herein through whose negligence or wrong claimant alleges he was injured.

"It is further ordered: That the compromise of any such cause of action by claimant herein shall be made only with the written approval of the Commission, or, in the event judgment be rendered in such cause, that the amount collected be reported to the Commission by the claimant herein."

On January 17, 1930, Hassell commenced an action in the district court of Oklahoma county against the Oklahoma Natural Gas Corporation and the other alleged joint-users of the gas line, to recover damages for and on account of his injuries, alleging negligence on the part of the defendants therein in the construction and maintenance of the gas line. The cause was thereafter removed to the United States District Court of the Western District of Oklahoma.

On or about March 19, 1930, Hassell and the defendants in said action agreed upon a compromise settlement for consideration of $2,228.20, which proposed settlement and compromise was presented to the State Industrial Commission for its approval. The Commission refused to approve the settlement upon the grounds that the sum agreed upon was, in the opinion of the Commission, less than Hassell would be entitled to receive under the provisions of the Workmen's Compensation Law.

Thereafter, notwithstanding the refusal of the Commission to approve the compromise, Hassell consummated said compromise and settlement, and executed his written acknowledgment of payment by the defendants in the action in court of the sum of $2,228.20, and released each and all of said defendants from all claims and causes of action on account of his said injuries. This settlement was entered into without the written consent of the employer, petitioner herein. He claims, however, in his amended motion thereafter filed with the Industrial Commission that the settlement was consummated at the suggestion and request of the Sinclair Oil & Gas Company, acting through and by its claim agent and adjuster, and was a result of certain statements and promises made by said adjuster, and that said company, in fact, acquiesced in and ratified said settlement in every particular, and specifically alleged as follows:

"* * * That said respondent's claim agent begged and persuaded the claimant to make said settlement with the third party by making him certain promises, assuring him that he could perhaps persuade his company to contribute to the settlement by paying the hospital and doctor bills. Said respondent's claim agent further advised and informed the claimant herein that the amount settled for was all that he was entitled to, and unless he took that from the third party that he could never expect to collect any compensation before the Industrial Commission.

"Claimant further states that these false representations made by the respondent's claim agent were willfully made; that he relied upon them, not knowing at that time that said representations were false and claimant further states that the respondent is now estopped from taking advantage of their own wrongs by encouraging and assisting the claimant in going around the judgment of the Industrial Commission and their refusal to approve said settlement."

After the settlement was completed Hassell filed with the Commission a motion for a hearing on his claim, setting out the settlement with said third parties, and alleging that he was entitled under the Workmen's Compensation Law to a much larger sum than that received in the settlement, which he stated in his motion to be $2,200.

Motion and amended motion to dismiss this proceeding were filed by Sinclair Oil & Gas Company, setting up the entire proceedings theretofore had in the court, and alleging, among other reasons, that the settlement so made was without the written consent of the State Industrial Commission and without the written approval of the said Sinclair Oil & Gas Company, and claiming that by reason thereof Hassell had received full, complete, and final compensation for his injuries, and had, by making said settlement as aforesaid, waived his right to prosecute any claim for any deficiency over and above the amount he had received, and was thereby barred from further prosecuting his claim before the Commission.

The motion and amended motion to dismiss were denied. The chairman of the State Industrial Commission announced the reason therefor that section 7305, C. O. S. 1921, provides:

"No agreement by an employee to waive his right to compensation under this act shall be valid."

Hearing was then had, after which the Commission made its findings that claimant had sustained severe burns about the face and ears, resulting in disfigurement noticeable to the public without attention being called to it, and that he had some permanent loss of vision: five per cent. as to the right eye and 15 per cent. as to the left eye. Also, that he was temporarily totally disabled for 35 weeks beyond the five-day waiting period, and awarded him compensation in the sum of $2,500 for disfigurement, 35 weeks, or $630, for his temporary total disability, and 50 weeks, or $900, for ten per cent. loss of vision of both eyes, and ordered payment thereof in the total sum of $4,030, less the sum of $2,000 which the Commission found had been actually paid the claimant in the settlement in the case against the third parties in the action in court. It was ordered that the Sinclair Oil & Gas Company pay all doctor and hospital bills. With reference to the manner in which the settlement had been consummated, the Commission found:

"That the claimant, although having received an accidental personal injury arising out of and in the course of his employment with the above-named respondent, said injury was due to the alleged carelessness and negligence of a third party, and that the claimant immediately filed his election to pursue his common-law remedy against said third party; that said suit was filed and while said suit was pending in the United States District Court within and for the

Western District of Oklahoma, said third party offered the claimant the sum of $2,000, as a compromise settlement of his cause of action against said third party; that the claimant, together with his attorney, J. Z. Werby, and also E. C. Foege, who was then the authorized claim adjuster and claim agent of the respondent, Sinclair Oil & Gas Company, appeared before the State Industrial Commission and before Commissioner McElroy, and advised said Commission that said third party was willing to pay the claimant the sum of $2,000, in settlement of his claim against them; that at said hearing and appearance before the Commission, Mr. E. C. Foege, the claim agent for the Sinclair Oil & Gas Company, was present at all times, was fully advised as to the amount, terms and conditions of said settlement, and said Mr. E. C. Foege, together with the claimant and his attorney, asked and sought the Commissioner's approval of said settlement, and after Commissioner McElroy was fully advised in the premises as to the nature of the claimant's injuries, said State Industrial Commission then refused to approve said settlement for the reason that said sum of money was entirely insufficient and inadequate to compensate the claimant for the injuries he sustained, and that immediately thereafter the claimant, his attorney, and the said Mr. Foege, claim adjuster for the Sinclair Oil & Gas Company, went back to the office of J. Z. Werby, where the said Mr. Foege induced, enticed, and persuaded the claimant to settle his case with the said third party and to disregard the disapproval of said settlement by the Commission; that said Mr. Foege advised the claimant that he could not collect as much as $2,000 compensation if he tried his case under the provisions of the Workmen's Compensation Law, and that if he would go ahead and make said settlement upon the basis of $2,000, that his company, the Sinclair Oil & Gas Company, would pay all of the hospital and doctor bills to the date of said settlement.

"The Commission further finds that the representations made by said respondent's claim agent that the claimant could not collect as much under the Workmen's Compensation Act as he was collecting from said third party, were false and fraudulent, and that the representation that they would pay the hospital and doctor bills were false and fraudulent for the reason that the claimant was not legally responsible for said bills, and that said claim agent knew that at the time he offered to pay said bills so as to persuade the claimant to settle with said third party, that claimant was in no way responsible for the payment of these bills.

"That upon these statements, inducements, and particularly the offer by the claim agent of the Sinclair Oil & Gas Company to pay said hospital and doctor bills, upon which the claimant relied, he agreed to settle his case with the said third party and

did accept the sum of $2,000 from said third party. The claim adjuster of this respondent was at all times present and fully advised of all the terms and conditions of said settlement and no objections were made by said claim adjuster at any time.

"The Commission further finds that the Sinclair Oil & Gas Company, through its authorized agent, Mr. E. C. Foege, acquiesced in said settlement, ratified the acts of said claimant and were not in any manner prejudiced by the claimant's failure to obtain the written consent of said respondent or the approval of the State Industrial Commission, but waived such by their acts, and that said settlement was made at the suggestion, request, and wish of said respondent through its claim agent, Mr. E. C. Foege."

The first assignment of error presented is that the Commission erred in finding that Hassell had received and accepted the sum of $2,000 in the settlement of the cause of action when the undisputed evidence showed that he had received $2,228.20.

The written receipt and settlement agreement signed by Hassell recited that he had received $2,228.20. He alleges in his motion for hearing that he had received $2,200. Petitioner asserts that there was no effort made at the hearing to show that the amount of consideration recited in the written agreement was not the true and correct amount. In this we think petitioner is mistaken. Hassell testified that the amount actually received and paid was $2,000, that he received $1,300 and his attorney the balance, or $700. That he consented to the amount of the attorney fee and same was satisfactory to him. This testimony was not denied in any way.

The difference between the amount actually collected in the law action and the compensation provided and estimated by the Workmen's Compensation Act fixed the amount of the deficiency, if any, for which the employer is liable. This is fixed by the provision of section 7302, C. O. S. 1921. There appears to be ample evidence to support the finding of the Commission in this respect.

All other assignments are presented under the proposition stated in petitioner's brief as follows:

"* * * That claimant having elected under the law and in accordance with the rules of the State Industrial Commission to pursue his remedy against the third parties whose negligent acts resulted in his injury, and having effected a compromise and settlement of said litigation without the written approval of the State Industrial Commission and without the written approval of the petitioner herein cannot further prosecute his claim, and that the award of the State Industrial Commission should be reversed accordingly."

It is claimed that section 7302, C. O. S. 1921, controls as to the right of the claimant in cases where the injuries are claimed to have been caused by the wrong or negligence of a third party. Said section as contained in vol. 2, C. O. S. 1921, is not complete. The section as contained in the original act, section 18, ch. 246, S. L. 1915, reads:

"If a workman entitled to compensation under this act be injured by the negligence or wrong of another not in the same employ, such injured workman shall, before any suit or claim under this act, elect whether to take compensation under this act or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elects to take compensation under this act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this act for such case. The compromise of any such cause of action by the workman at any amount less than the compensation provided for by this act shall be made only with the written approval of the Commission, and otherwise with the written approval of the person or insurance carrier liable to pay the same."

Though not expressly stated therein, both parties apparently agree that the meaning of that part of the section which reads: "If he elects to proceed against such other person or insurance carrier, as the case may be, shall contribute only the deficiency," etc., is that in such case the employer or insurance carrier, as the case may be, shall contribute only the deficiency provided for. This construction appears to be reasonable and in accord with the evident intent of the Legislature.

It is conceded that the compromise settlement of the law action was made without the written consent of the State Industrial Commission, and without the written consent of the employer, Sinclair Oil & Gas Company. The position of the petitioner is as stated in the above quotation from his brief. The contention of the claimant, Hassell, is that if the compromise be for less than the compensation to which he is entitled, and the Commission in writing approves the settlement, the proceedings before the Commis-

sion are at an end and should be dismissed, but where such settlement is not approved by the Commission, it is invalid, and that the Commission is then authorized to proceed with the hearing and award full compensation, allowing the person or insurance carrier liable for the payment thereof credit for the amount actually collected in the settlement. With the latter contention we are inclined to agree.

Petitioner asserts that under the provision of the section above quoted, when claimant elected to pursue his common-law remedy, he was thereby precluded from claiming compensation under the Workmen's Compensation Act. In support of this contention, he cites Ridley v. U. S. Sash & Door Co., 98 Okla. 80, 224 P. 351.

While the above case seems to hold that election to claim under the act precludes the right to sue for damages, and the election to sue for damages precludes the right to seek compensation, an examination of the case will disclose that there the workman proceeded for and obtained compensation and the insurance carrier paid same and assigned its cause of action against the alleged negligent third party to the employer, who sued upon the assigned cause. It was merely held that he could not, under that cause of action, recover more than the insurance carrier would have been entitled to recover had it sued under its right of subrogation. Thus limited, the holding therein is correct, but, in so far as it seems to hold that in no case can an injured employee claim both compensation and damages, it is in direct conflict with the plain provisions of section 18 of the Compensation Act quoted above, for by its terms it expressly gives the right to elect to sue for damages and also claim against his employer or insurance carrier, as the case may be, for any difference between what may actually be collected in the action for damages and the compensation provided or estimated by the Workmen's Compensation Act. To the extent stated, the cited case is expressly overruled.

Petitioner in its brief concedes that under certain contingencies a workman may claim against the employer for such deficiency. However, it contends:

"He can only have this claim for deficiency under the following conditions:

"(a) He must prosecute his action to trial and judgment and can not settle same without a trial and judgment except in the following instances:

"1. Such compromise, if made for less than the compensation provided by the Work-

men's Compensation Law, shall be only with the written approval of the Commission, or

"2. With the written approval of the person or insurance carrier liable to pay the same."

It is first contended that the word "recovery," as used in the act, means that he must prosecute his action to final judgment before he is entitled to proceed with his claim for such deficiency. This, we think, is without merit for the reason that if such be the meaning, there would be no occasion for providing for a compromise under conditions specified in the act.

It is next contended that where the workman compromises a suit "(1) without the written consent of the Commission, or (2) without the written consent of the person or insurance carrier liable for the compensation, he cannot thereafter claim for any deficiency." In support of this contention petitioner cites O'Brien v. Lodi (N. Y.) 157 N. E. 925. It was therein held:

"Where injured workman settled with person causing his injury without approval of the insurer, as required by Workman's Compensation Law (Consol. Laws, c. 67, sec. 29,) he thereby lost his right to the deficiency payment provided by such section."

It is said that section 29 of the Workmen's Compensation Act of New York, there under consideration, is substantially the same as section 18 of the Oklahoma act. It is substantially the same in the provision with reference to the right of the employee to elect to sue for damages and also proceed for compensation for a deficiency, etc. It is to some extent similar with reference to the provision concerning a compromise. But from an examination of the New York act, there appears a clear reason for requiring the written consent of the Commission in one instance and the written consent of the insurance carrier in the other. The New York act provides for payment of compensation in certain cases from the state insurance fund. In such cases the compromise of the cause of action must be with the written consent of the Commission. In other cases compensation is payable by the employer or insurance carrier, in which case the compromise must be with the written consent of the person, association, corporation, or insurance carrier liable to pay the compensation.

In this state there is no provision for a state insurance fund or payment by the state in any case. In all cases of liability, the employer or insurance carrier, as the case may be, is liable. Therefore there is not the same reason for requiring the consent of the Com-

mission in one case and the employer or insurance carrier in the other.

In O'Brien v. Lodi, supra, it is said that the provisions of the section are not a restriction upon the right of the defendant to settle cases, nor upon the right of the employee to settle his case, but if he settles without the consent of the insurance carrier he loses his right to the deficiency. The reason for this, in substance, is said to be that the provisions of the act in this respect are for the benefit of the insurer and to protect it as to the amount of the deficiency. Other cases are cited by petitioner, but they appear to be from states where the law limits the right of the employee to either compensation or damages and provides that he cannot pursue both remedies, or from states where settlements are permitted under the law, as is the case in Jenkins v. Tex. Employer's Ins. Association (Tex. Civ. App.) 211 S. W. 349, cited by petitioner. The great weight of authority seems to be that provisions such as this, requiring the consent of the Commission and other similar provisions, are restrictions upon the right of the employee to contract relative to his claim for compensation.

In Workmen's Compensation Bo. of Ky. v. Abbott, 212 Ky. 123, 278 S. W. 553, 47 A. L. R. 789, it is held:

"Public policy authorizes the Legislature, in the exercise of its police power, to regulate the character of contract which could be made between an employer and an injured employee with respect to compensation, and prohibit compromise contracts unless entered into according to prescribed regulatory terms."

In Mass. Bonding & Ins. Co. v. Indus. Accident Commission of California (Cal.) 168 P. 1050, it is held:

"Under specific provisions of Workmen's Compensation Act, sec. 32b, a release given on payment of a temporary disability award is not valid unless approved by the Commission, or unless it provides for payment of full compensation."

In Industrial Commission of Colo. v. London Guarantee & Accident Co., Ltd. (Colo.) 185 P. 344, it is held:

"Under Workmen's Compensation Act of 1915, requiring Industrial Commission to be made a party to proceedings in the district court, and under section 70, requiring Commission's approval of compensation agreement, the district court has no power to render judgment on a stipulation for a settlement for a sum less than that awarded by Commission, without its approval."

In International Coal & Mining Co. v. Nicholas, 293 Ill. 524, 127 N. E. 703, 10 A. L. R. 1010, it is held:

"A lump sum settlement is invalid under the Workmen's Compensation Act unless it is petitioned for and approved by the Industrial Commission under the provisions of the Act."

Such holdings are based principally upon the principle that where an injured employee elects to take compensation and files his claim, as in the instant case, the protection of the statute is thrown about him. Once jurisdiction is assumed by the Commission, the state and society itself has a direct interest in the proceedings. His situation is there said to become similar to that of one under some legal disability so far as his right to control, conduct, or dismiss the proceedings is concerned. Therefore, neither of the parties have a right to interfere by private arrangement. The authority of the state, once invoked, cannot be cast aside. In other words, the state, through the instrumentality provided by law, as a representative of society at large, steps in and takes control.

If these principles are to be applied, as they are in most of the courts, it follows that the individual claimant, not being solely interested, cannot enter into a binding release, settlement, or compromise of any character without the consent of the State Industrial Commission where such consent is required by law.

In the instant case the compromise settlement was for an amount much less than the compensation provided by the act under the facts as found by the Commission, and having been made without the written approval of the State Industrial Commission, was invalid and not binding upon the Commission whether made with or without the consent, written or otherwise, of the employer or any insurance carrier liable for the payment thereof.

It is unnecessary to determine the question as to the correctness or legal effect of finding of the Commission as to how the compromise settlement was brought about and whether or not the Sinclair Oil & Gas Company induced Hassell to enter into the compromise settlement by promises, representations, or otherwise. It is also unnecessary to determine the question as to the correctness of the finding and holding of the Commission with reference to the acquiescence in and ratification of the compromise and settlement by the Sinclair Oil & Gas Company.

Applying the principles announced in the

cases above referred to, and the plain provisions of section 18 of the Workmen's Compensation Act quoted above, the settlement and compromise for an amount less than the claimant was entitled to receive under the provisions of the Workmen's Compensation Law, without the written consent of the Commission, being in violation of the act, was not binding upon the Commission or the claimant, nor did it deprive the Commission of jurisdiction to finally determine the amount of compensation to which claimant was entitled under the law.

The compromise was not rendered invalid by the provisions of section 7305, supra, but by the provision of section 18, ch. 106, S. L. 1915, section 7302, C. O. S. 1921.

The petition for review is denied and the findings and award of the State Industrial Commission are affirmed.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. ANDREWS, J., absent.

Note.—See under (1) annotation in L. R. A. 1917D, 98; 19 A. L. R. 766; 27 A. L. R. 493; 37 A. L. R. 838; 67 A. L. R. 249; 28 R. C. L. 833, 834; R. C. L. Perm. Supp. p. 6258; R. C. L. Pocket Part, title Workmen's Compensation Acts, § 121.