Ernest David RUSSELL, Appellee,

v.

BILL HODGES TRUCK COMPANY, INC., an Oklahoma Corporation; United Drilling Company, an Oklahoma Corporation; Ken Nichol and Aetna Life & Casualty Company, Appellants,

Continental Casualty Company, Liberty Mutual Insurance Company, Employers Casualty Corporation, The Hartford Insurance Group, and The Oklahoma Association of Defense Counsel, Amici Curiae.

Nos. 54686, 55205.

Supreme Court of Oklahoma.

May 3, 1983.

King, Roberts & Beeler and Hunt & Dawson by Jake Hunt and Jack Dawson, Oklahoma City, for Ernest David Russell.

Procter, Fleming & Speck by Kent Fleming and Scott M. Rhodes, Oklahoma City, for Aetna Cas. & Surety Co.

Keller, Fernald & Harkey by E.W. Keller, Oklahoma City, for Liberty Mut. Ins. Co.

Foliart, Mills & Niemeyer by David W. Edmonds, Robert B. Mills, Oklahoma City, for Employers Cas. Corp.

Cathcart & Schroeder by W.R. Cathcart, Oklahoma City, for The Hartford Ins. Group.

Pierce, Couch, Hendrickson, Johnston & Baysinger by John R. Couch, Catherine A. Gatchell, Oklahoma City, for Continental Cas. Co.

Oklahoma Ass'n of Defense Counsel by John B. Cooper, Duncan, for Oklahoma Ass'n of Defense Counsel.

DOOLIN, Justice:

The question for resolution may be stated: may a workers' compensation insurance carrier seek reimbursement for paid medical benefits out of a settlement fund received by the claimant who sued a negligent third party?

We answer in the affirmative.

Claimant was injured by a negligent third party. The workers' compensation insurance carrier paid out $121,325.65, mostly in medical expenses. Worker filed compensation claim and was awarded $6,840.00 disability benefits. He then filed an action against the third party and settled it for $750,000.00. Insurer demanded subrogation and reimbursement for the $121,000.00; the trial court ordered a 50%–50% division of the $121,000.00. The Court of Appeals, Division 2, reversed, holding that insurer was entitled to only a 50%–50% division of the $6,840.00. Insurer petitioned for certiorari which we previously granted.

The answer hinges on interpretation of the word "compensation" as used 85 O.S. 1981, § 44(a):

"If a worker entitled to compensation under the Workers' Compensation Act is injured or killed by negligence or wrong of another not in the same employ, such worker shall, before any suit or claim under the .... Act, elect whether to take compensation under the .... Act, or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Administrator may by rule or regulation prescribe. *If he elects to*

take compensation under the .... Act, the cause of action against such other shall be assigned to the insurance carrier liable to the payment of such compensation .... In the event that recovery is effected by compromise settlement, then in that event the expenses, attorney fees and the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree. *Provided, that in the event they are unable to agree, then the same shall be apportioned by the district court having jurisdiction of the employee's action against such other person, in such manner as is just and reasonable.*" (Emphasis added)

Insurer contends the language of section 44 entitles it to the full amount of the subrogation claim, less its share of expenses and attorney fees. The worker, on the other hand, argues that medical expenses should not be considered in the division of the funds.

■ For purposes of defining "compensation," a critical part of section 44 is the following:

"If he [the worker] elects to take compensation under the ... Act, the *cause of the action* against such other shall be assigned to the insurance carrier *liable to the payment* of such compensation.*" (Emphasis added)

To hold that "compensation" means only a disability allowance paid to the insured worker, as the worker would have us hold, would conflict with the section dealing with "cause of the action" and "liable to the payment." The insurer is liable to the worker for *both* a money allowance *and* medical payments, not just the former. In addition, the "cause of action" against the third party could cover *both* forms of compensation, not just a money allowance.

We are of the opinion that section 44 did not intend the employee to have a "double recovery," and therefore hold the insurer should be entitled to full indemnity of all amounts paid to or on behalf of the employee that are "just and reasonable." Also see

"The Complexities of Oklahoma's Proportionate Several Liability Doctrine of Comparative Negligence—Is Products Liability Next?" by William J. McNichols, 35 Oklahoma Law Review, 195, 258. This we feel is only "just and reasonable" as mandated by section 44.

We therefore hold that "compensation" as used in 85 O.S.1981, § 44 is not limited to a money allowance, but is inclusive of all compensation for which an insurer is liable to the insured worker, including medical and hospital payments.

We have thoroughly reviewed the evidence and the record, and read the briefs, and find that the trial court's 50%–50% division of the medical and hospital payments to be "just and reasonable" under the facts and circumstances of the case.

■ The trial court considered, in arriving at a just and reasonable apportionment of the $121,325.65 (medical expenses and disability benefits), such factors as the settlement was a compromise and being a compromise it was less than the amount claimed but more than the value tendered. The risk of submission to a jury verdict as well as the degree of negligence chargeable to the plaintiff were likewise considered. In addition the Court attempted to analyze the value of an early settlement and realization of recovery to the plaintiff and his family. We also note the plaintiff's wife released any claims she might have in return for the settlement. There is no absolute check list available to determine the meaning, and hence the application, of the statutory phrase "just and reasonable." We determine the trial court's decision was well within his discretion.

DECISION OF COURT OF APPEALS VACATED; DECISION OF TRIAL COURT AFFIRMED.

BARNES, C.J., and IRWIN, HODGES, LAVENDER, HARGRAVE, OPALA and WILSON, JJ., concur.

SIMMS, V.C.J., dissents.