**OKLAHOMA PROPERTY CASUALTY GUARANTEE ASSOCIATION and Current Electric, Petitioners,**

v.

**James TIPTON and The Workers' Compensation Court, Respondents.**

**No. 75443.**

Court of Appeals of Oklahoma, Division No. 1.

Dec. 4, 1990.

Rehearing Denied Feb. 21, 1991.

**300**

Paul V. McGivern, Jr., Daniel Crawford, McGivern, Scott, Gilliard, McGivern & Robinson, Tulsa, for petitioners.

Wilson N. Jones, III, Frasier & Frasier, Tulsa, for respondents.

## MEMORANDUM OPINION

BAILEY, Judge:

Petitioners Oklahoma Property and Casualty Guarantee Association (Fund) and Current Electric (Employer) seek review of an order of the Workers' Compensation Court sitting *en banc* which affirmed the Trial Court's order granting Respondent James Tipton (Claimant) an award for permanent partial disability. Herein, Fund and Employer (hereinafter, collectively "Fund") assert (1) Claimant's Workers' Compensation action is barred by operation of 85 O.S.1981 § 44, and (2) alternatively, Fund is entitled to credit against Claimant's Workers' Compensation award for sums paid to Claimant in settlement of Claimant's civil suit against a third-party,

not in the same employ, who allegedly caused Claimant's injuries.

Claimant worked for Employer, and Employer maintained Workers' Compensation insurance with Mission Insurance Company (Mission). On May 2, 1985, Claimant sustained on-the-job injury, for which Mission eventually paid temporary total disability (TTD) and medical expense benefits of almost $20,000. On or about September 30, 1985, Claimant entered into an agreement with Mission, under which a third-party action would be instituted on Claimant's behalf against another not in the same employ, and by which Claimant and Mission agreed to equally divide any proceeds of the third-party action until Mission recouped amounts paid to Claimant in Workers' Compensation benefits. On May 15, 1986, Claimant commenced his third-party civil action in the District Court of Tulsa County.

Mission subsequently filed bankruptcy. Mission's liquidator notified Fund of the fact in April, 1987, and Fund thereafter paid about $800 of Claimant's medical expenses.

On or about February 12, 1988, Claimant filed his Form 3 herein, claiming compensable on-the-job injury. By document dated April 17, 1989, and in consideration of payment of $50,000.00, Claimant, Mission and Fund executed a settlement and release of claims in the third-party action. Claimant asserts the settlement agreement was thereafter presented to the Workers' Compensation Court for approval, but the record on appeal does not so reflect.

At trial of Claimant's Workers' Compensation claim, Fund contended (1) that 85 O.S. § 44 barred the claim for failure of Claimant to timely file an election of remedies, (2) that § 44 also barred the claim for failure to obtain approval of the civil settlement from the Workers' Compensation Court, and (3) alternatively, under § 44, Fund was entitled to a credit against any award made to Claimant for sums paid in settlement of the civil action.[1] Claimant

---

**1.** Section 44(a) of Title 85 provides in pertinent part:

If a worker entitled to compensation under the Worker's Compensation Act is injured ...

responded, asserting (1) that Fund, as successor in interest to Mission, was bound by the terms of the civil settlement entered into by Mission under 36 O.S.1981 § 2007,[2] (2) that Fund, as signatory of the civil settlement agreement, was bound by the terms thereof, and (3) that Fund, as successor to Mission, was not entitled to the equitable remedy of subrogation.

After hearing, the Trial Court entered its order (1) recognizing previous payment to Claimant of amost $20,000 in TTD benefits, and (2) awarding Claimant a total of twenty-two and a half percent (22.5%) permanent partial disability (PPD) due to on-the-job injuries to Claimant's right leg and hip, entitling Claimant to 172.5 weeks of compensation at $163.00 per week for a total sum of $18,337.50. The Trial Court further held that "this award is not subject to subrogation against either Mission ... or ... Fund."

Fund appealed to the Court *en banc,* which affirmed. Fund now seeks review in this Court, again asserting (1) that Claimant's worker's compensation action is barred by operation of § 44, (2) that Fund is not bound by the agreement of Mission, and (3) Fund's entitlement to subrogation and/or credit to the extent of settlement.

It is apparent to this Court, under 36 O.S. § 2007(A), that Fund stepped into the shoes of the insolvent insurer, Mission, and we hold that Fund is therefore bound by agreements entered by Mission, particularly the subject agreement for division of proceeds from the third-party action and the subsequent settlement agreement therein. This conclusion is further supported by the facts of this case, as Fund, through its legal counsel, clearly consented to settlement of the civil action, and the settlement agreement expressly and by its own terms did not affect Claimant's Workers' Compensation action. However, this finding is totally not dispositive of the present case.

by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Worker's Compensation Act, elect whether to take compensation under the Worker's Compensation Act, or to pursue his remedy against such other.... If he elects to take compensation under the Workers' Compensation Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if elects to proceed against such other person or insurance carrier, as the case may be, the employer's insurance carrier shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the Workers' Compensation Act for such case. The compromise of any such cause of action by the worker at any amount less than the compensation provided for by the Workers' Compensation Act shall be made only with the written approval of the [Workers' Compensation] Court. Whenever recovery against such other person is effected without settlement by the employee or his representatives, the employer or insurance company having paid compensation under the Workers' Compensation Act shall be entitled to reimbursement as hereinafter set forth and shall pay from its share of said reimbursement a proportionate share of the expenses, including attorneys fees, incurred in effecting said recovery to be determined by the ratio that the amount of compensation paid by the employer bears to the amount of recovery effected by the employee. After the expenses and attorneys fees have been paid, the balance of the recovery shall be apportioned between the employer or insurance company having paid the compensation and the employee or his representatives in the same ratio that the amount of compensation paid by the employer bears to the total amount recovered; provided, however, the balance of recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree.

In the event that recovery is effected by compromise settlement, then in that event the expenses, attorneys fees and the balance of the recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree. Provided, that in the event they are unable to agree, then the same shall be apportioned by the district court having jurisdiction of the employee's action against such other person, in such manner as is just and reasonable.

2. Section 2007 of Title 36 provides in pertinent part:

A. The [Fund] shall:

. . . . .

2. Be deemed the insurer to the extent of the obligations on covered claims and to that extent shall have all rights, duties and obligations of the insolvent insurer as if the insurer had not become insolvent; ....

▮ In that regard, a claimant's settlement of a third-party action without approval of the Workers' Compensation Court may bar subsequent action under the Workers' Compensation Act.[3] Nevertheless, where a claimant makes no § 44 election, but the employer and/or insurer knows of, encourages or acquiesces in the settlement or release of third-party claims, the Claimant may be excused from compliance with § 44, and/or the insurer may be deemed to have waived any objections thereunder.[4] However, where the third-party action has been settled, an insurer may be entitled to credit against the monies received by claimant in settlement of the third-party action, less the insurer's share of medical expenses and attorney's fees, as the parties may agree, or failing in agreement, in an amount the "district court having jurisdiction" over the third-party claim determines to be "just and reasonable." [5]

▮ Under these authorities, and the facts and circumstances of this particular case, it would thus appear that Mission induced and Fund consented to settlement of Claimant's third-party action, thereby waiving any objections it may have had under § 44. We have previously held that Mission's acts therein are binding on Fund, and we hold that Fund, having consented to settlement, may not now complain of noncompliance with § 44. Thus, and insofar as the Court below determined Claimant's Workers' Compensation action not barred

**3.** See, e.g., *Utilities Ins. Co. v. McBride,* 315 F.2d 553 (10th Cir.1963) (where approval of third-party settlement is not obtained from workers' compensation insurer, claimant must repay insurer from settlement proceeds the amount of the workers' compensation benefits which insurer has previously paid); *Bond Marble & Tile v. Rose,* 322 P.2d 1063 (Okl.1958) (evidence insufficient to establish insurer's knowledge of settlement of third-party claim or insurer-employer's waiver of § 44 requisites; therefore, where claimant settled third-party claim without approval of court, and there has been no waiver of duty imposed by § 44, trial court's award of workers' compensation benefits vacated, and cause remanded with directions to deny claim); *De Shazer v. Nat'l Biscuit Co.,* 196 Okl. 458, 165 P.2d 816 (1946) (trial court's finding that claimant settled third-party claim without approval of court or employer/insurer supported by the evidence, and denial of the claim affirmed); *Parkhill Truck Co. v. Wilson,* 190 Okl. 473, 125 P.2d 203 (1942) (where claimant fails to elect under § 44, claimant waives right to proceed under Workers' Compensation Act).

**4.** *Coker–Mitchell Co. v. State Industrial Court,* 450 P.2d 894 (Okla.1969) (undisputed evidence of employer-insurer's knowledge and encouragement of settlement of third-party claim supports conclusion of waiver of § 44 requirements and excused claimant from obtaining approval of settlement by court); *L.B. Jackson Drilling Co. v. Prichard,* 308 P.2d 284 (Okl.1957) (where employer knew of claimant's third-party action, consented to maintenance thereof and paid claimant's attorney fee incurred therein, employer held to have waived right of assignment of claim under § 44); *Chickasha Motor Co. v. State Industrial Comm.,* 174 Okl. 304, 50 P.2d 308 (1935) (where workers' compensation insurer denied liability, did not demand assignment of third-party claim, and expressed unwillingness to accept such an assignment, claimant's

execution of release of third-party liability held invalid and not affecting election of remedies, and award of workers' compensation benefits affirmed); *Sinclair Oil & Gas Co. v. State Industrial Comm.,* 151 Okl. 228, 3 P.2d 438 (1931) (where employer urges, requests and induces settlement of claimant's third-party action in amount previously rejected for approval by the workers' compensation tribunal, claimant not prevented from pursuit of his workers' compensation remedy, allowing credit to insurer/employer against award for amounts collected in the settlement); *Ladd v. Hudson,* 143 Okl. 174, 288 P. 331 (1930) (where employer advised claimant that workers' compensation insurance would not pay for injuries and advised claimant to institute third-party action, claimant excused from notice of election of remedies under § 44); *Noble Drilling Co. v. Murphy,* 131 Okl. 34, 267 P. 659 (1928) (where after commencement of workers' compensation action, claimant induced into initiating third-party claim by employer and insurer, claimant held not to have elected third-party remedy under § 44 so as to deprive workers' compensation tribunal of jurisdiction to hear claim, and award of workers' compensation benefits affirmed).

**5.** 85 O.S. § 44; *Russell v. Bill Hodges Trucking, Inc.,* 663 P.2d 724 (Okla.1983) (where workers' compensation insurance carrier paid out over $120,000 in benefits to/for claimant/employee, and claimant subsequently settled third-party action for $750,000, insurer, under § 44, "entitled to full indemnity of all amounts paid to or on behalf of the employee that are 'just and reasonable'"); *Milliser v. Mercury Drilling Co.,* 738 P.2d 962 (Okl.App.1987) (order of Workers' Compensation Court terminating payments of TTD modified and payments of TTD deferred pending determination of "deficiency," if any, for which insurer might be liable under § 44).

by operation of § 44, the lower Court's order should be sustained.

■ However, as regarding Fund's claim for credit, we find the Workers' Compensation Court erred, but only in part. Section 44 clearly recognizes a workers' compensation insurer's entitlement to a *proportionate* credit against proceeds of a third-party action, after deduction of expenses and attorney's fees, where the third-party settlement exceeds that to which a claimant would be entitled under the Workers' Compensation Act.[6] Yet, § 44 also mandates that the district court having jurisdiction over the third-party claim make the determination of "just and reasonable" apportionment of settlement proceeds, if any, in the exercise of the district court's discretion, the court shall determine the insurer entitled.[7] Thus, insofar as the Workers' Compensation Court ruled that Fund would not be entitled to credit, we find the lower court erred; insofar as the Workers' Compensation Court declined to determine that credit, we find no error.

■ In the instant case, by the express terms of the Mission's agreement with Claimant, it is apparent that Mission reserved the right to recoupment of all sums paid by Mission to and/or on behalf of Claimant in workers' compensation benefits in substantial accord with § 44, and that upon settlement of Claimant's third-party action, Mission may have, in fact, received total repayment thereof. If Mission has already recouped the Workers' Compensation benefits paid to Claimant, Fund, as Mission's successor in interest, has therefore received everything to which Mission and/or Fund may have been entitled under § 44, and the District Court would be clearly justified in holding that Fund would not be entitled to any credit against Claimant's settlement proceeds. To find otherwise would, if Mission already recovered its payments made to Claimant in workers' compensation benefits from settlement proceeds, in essence, amount to a "double re-

covery" by the insurer, clearly an untenable result.

On the other hand, if it should be shown that Mission did *not* recoup its payments of Claimant's workers' compensation benefits from settlement proceeds of the third-party action, then the District Court, in accord with § 44(a), and considering the additional payments by Fund after Mission's failure, is clearly empowered to make a "just and reasonable" apportionment. Further, and although the Workers' Compensation Court found previous Workers' Compensation benefit payments to/on behalf of Claimant in the approximate sum of $20,000, there is other record intimating payments of over $60,000 to/on behalf of Claimant. Thus, and because § 44 requires Fund to press its claim for credit in the District Court having jurisdiction over Claimant's third-party action, we direct Fund to seek an evidentiary hearing before the District Court of Tulsa County, the court having jurisdiction over the third-party action, to determine (1) the extent of payment by Mission and Fund of Workers' Compensation benefits to/on behalf of Claimant, (2) the extent of payment of settlement proceeds from the civil action to Mission and Claimant, and (3) the proportion that each bears to the other in order that Fund's credit, if any to which Fund is entitled as successor in interest to Mission, may be determined under § 44.

The order of the Workers' Compensation Court sitting *en banc* is therefore SUSTAINED IN PART AND VACATED IN PART.

ADAMS, P.J., concurs.

MacGUIGAN, J., not participating.

---

6. 85 O.S. § 44(a), footnote 1; *Russell v. Bill Hodges Trucking, Inc.,* 663 P.2d at 725–726; *Sinclair Oil & Gas Co. v. State Industrial Comm.,* 3 P.2d at 441.

7. *Russell v. Bill Hodges Trucking, Inc.,* 663 P.2d at 726.