James Russell TIPTON, Appellee,

v.

OKLAHOMA PROPERTY AND CASU-
ALTY GUARANTY ASSOCIATION,
successor in interest to Mission Insur-
ance Company, Appellant,

and

Gaffey, Inc., an Oklahoma corporation,
Control Chief Company, a Pennsylva-
nia corporation, Ronnie Oliver, an indi-
vidual, and Sunglass Products, Inc., a
corporation, Defendants.

No. 79025.

Court of Appeals of Oklahoma,
Division No. 3.

July 27, 1993.

R. Jay McAtee, Ronald E. Hignight,
Gregory A. Krohn, McGivern, Scott, Gilli-
ard, McGivern & Robinson, Oklahoma City,
for appellant.

James Garland, III, Frasier & Frasier,
Tulsa, for appellee.

## OPINION

BAILEY, Judge:

The Oklahoma Property and Casualty
Guaranty Association (Fund) seeks review
of an order of the Trial Court finding Fund
had received a "just and reasonable" appor-
tionment of proceeds obtained by James
Russell Tipton (Claimant) in settlement of a
third-party action instituted under 85 O.S.
1981 § 44. Herein, Fund asserts entitle-
ment to full credit for Claimant's settle-
ment proceeds against sums paid or to be

paid to Claimant in Workers' Compensation benefits.

This case has previously been before this Court.[1] Claimant suffered on-the-job injury in May 1985. At that time, Claimant's employer maintained workers' compensation insurance with Mission Insurance Company (Mission), and Mission[2] ultimately paid Claimant about $60,000.00 in workers' compensation benefits.

In September 1985, Mission and Claimant entered an agreement for prosecution of a third-party action against another not in the same employ who allegedly caused or contributed to Claimant's injury. Thereby, Mission and Claimant agreed to equally divide any proceeds of the third-party action (after deduction of expenses and attorney fees) until Mission recouped amounts paid Claimant in workers' compensation benefits and to pay any remainder to Claimant, but without affecting Claimant's workers' compensation action. However, Mission subsequently filed bankruptcy, and Fund assumed Mission's obligations.[3]

In May 1986, Claimant commenced the third-party action. In April 1989, Mission's receiver, Fund and Claimant executed a release of claims in the third-party action, and settled the third-party claim for $50,-000.00, from which Mission's receiver collected $10,777.79.[4]

In February 1988, Claimant commenced his workers' compensation action. At trial in January 1990, Fund asserted, *inter alia*, entitlement to full credit against any workers' compensation award to Claimant for sums received by Claimant in settlement of the third-party action, but the Trial Court denied Fund relief, a three-judge panel of the Workers' Compensation Court affirmed, and Fund sought further review.

On review, we vacated that part of the Workers' Compensation Court's order holding Fund not entitled to credit for Claimant's settlement of his third-party action. Consequently, we directed Fund to seek an evidentiary hearing before the Trial Court herein, i.e., the court having jurisdiction over the third-party action, to determine "(1) the extent of payment by Mission and Fund of Workers' Compensation benefits to/on behalf of Claimant, (2) the extent of payment of settlement proceeds from the civil action to Mission and Claimant, and (3) the proportion that each bears to the other in order that Fund's credit, if any to which Fund is entitled as successor in interest to Mission, may be determined under § 44."[5]

At such hearing, the parties stipulated:

- Of the settlement proceeds, after taxes and attorney fees, there remained for distribution about $14,000.00;

- Mission paid about $60,000.00 in workers' compensation benefits to/on behalf of Claimant; and

- All parties agreed to settlement and release of the third-party claim in consideration of payment of $50,000.00, divided between Claimant, Claimant's attorneys and Fund.[6]

Based on the stipulations, the Trial Court found and concluded:

1. On February 15, 1989, ... Fund sent a letter stating that the Fund would seek no monies from the third-party action but would ask for credit against the sum received in the Workers' Compensation action. However, on April 17, 1989, the Fund signed a Release of all claims arising from the third-party action and the receiver for Mission received the $10,777.79.

2. From the total of $60,105.61, the [sum the] parties have stipulated as paid

1. *Oklahoma Property and Casualty Guaranty Association v. Tipton,* 807 P.2d 299 (Okl.App.1990). (Hereinafter, *Tipton I*).

2. And/or Mission's successor, Fund.

3. 36 O.S.1981 § 2007.

4. As we noted in our previous decision, however, although the parties therein alleged approval

of the settlement by Workers' Compensation Court, no such approval appeared of record. *Tipton I,* 807 P.2d at 300.

5. *Tipton I,* 807 P.2d at 303.

6. That is, of the settlement proceeds, Claimant and Fund each received $10,777.79, and Claimant's attorneys received $28,444.42.

out on behalf of Claimant [in Workers' Compensation benefits], the Fund has recouped 18% or $10,777.79 (from the settlement proceeds).

3. From the total of $50,000.00 settlement of the third-party claim, the Fund received 50% after payment of attorney fees and expenses as did Claimant.

It is the finding of his Court, that in light of the total transaction as outlined above, the participation of the Fund in the settlement of the third-party claim and the receipt of monies by the Fund, as successor in interest [of Mission], of settlement monies, that the Fund has received a just and reasonable apportionment under subsection 44 and is not entitled to any additional credit against the fund being held.

From this order, Fund appeals.

In that regard, Fund again asserts, as it did in the previous proceeding for review of Claimant's Workers' Compensation award, entitlement to credit for one hundred percent (100%) of the settlement proceeds of the third-party action against the Workers' Compensation benefits paid to/on behalf of Claimant under § 44(a).[7] In support of this argument, Fund cites a recent decision of the Oklahoma Supreme Court, issued after our previous opinion on review of Claimant's Workers' Compensation award, in which the Supreme Court recognized:

> ... Where injuries are caused by a third party's negligence, § 44 is designed to protect the subrogation rights of the employer and his insurance carrier *to the full extent of the compensation benefits paid the injured employee,* and also to guard against the employee receiving a double recovery.
>
> .        .        .        .        .
>
> ... Only by recovery of *all the proceeds which have been or will be paid to a worker,* will the rights of the compensation carrier be protected.

*Prettyman v. Halliburton Co.,* 841 P.2d 573, 577 (Okl.1992). (Emphasis added.)

Under this authority, Fund argues entitlement to credit for the entire settlement

---

**7.** Section 44, at the time of Claimant's injury, provided in pertinent:

If a worker entitled to compensation under the Worker's Compensation Act is injured ... by the negligence or wrong of another not in the same employ, such injured worker shall, before any suit or claim under the Worker's *Compensation Act, elect whether to take* compensation under the Worker's Compensation Act, or to pursue his remedy against such other.... If he elects to take compensation under the Workers' Compensation Act, the cause of action against such other shall be assigned to the insurance carrier liable for the payment of such compensation, and if elects to proceed against such other person or insurance carrier, as the case may be, the employer's insurance carrier shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by the Workers' Compensation Act for such case. The compromise of any such cause of action by the worker at any amount less than the compensation provided for by the Workers' Compensation Act shall be made only with the written approval of the [Workers' Compensation] Court. Whenever recovery against such other person is effected without settlement by the employee or his representatives, the employer or insurance company having paid compensation under the Workers' Compensation Act shall be entitled to reimbursement as hereinafter set forth and shall pay from its share of said reimbursement a proportionate share of *the expenses,* including attorneys fees, incurred in effecting said recovery to be determined by the ratio that the amount of compensation paid by the employer bears to the amount of recovery effected by the employee. After the expenses and attorneys fees have been paid, the balance of the recovery shall be apportioned between the employer or insurance company having paid the compensation and the employee or his representatives in the same ratio that the amount of compensation paid by the employer bears to the total amount recovered; provided, however, the balance of recovery may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree.

*In the event that recovery is effected by compromise settlement,* then in that event the expenses, attorneys fees and the *balance of the recovery* may be divided between the employer or *insurance company having paid* compensation and the employee or his representatives as they may agree. Provided, that in the event they are unable to agree, then the same *shall be apportioned by the district court having jurisdiction of the employee's action against such other person, in such manner as is just and reasonable.*

85 O.S.1981 § 44(a). (Emphasis added.)

amount under § 44(a).[8]

Claimant responds, citing our previous opinion in which we noted:

> ... [Section] 44 ... mandates that the district court having jurisdiction over the third-party claim make the determination of "just and reasonable" apportionment of settlement proceeds, if any, *in the exercise of the district court's discretion,* the court shall determine the insurer entitled.

*Oklahoma Property and Casualty Guaranty Association v. Tipton,* 807 P.2d 299, 303 (Okl.App.1990). (Emphasis added.)

Thus, says Claimant, considering Fund's participation in the settlement and Fund's receipt of monies thereunder, the Trial Court did not abuse its discretion in holding Fund had received all money to which Fund is reasonably entitled.

In *Prettyman,* the claimant settled his third-party claim for a sum far in excess of workers' compensation benefits paid by claimant's employer and employer's insurance carrier, and the Supreme Court specifically held such a settlement for a sum in excess of workers' compensation benefits did not constitute a "compromise settlement" under § 44(a).[9] The Supreme Court thus found the employer/insurance carrier entitled to recover only a *share* of the claimant's third-party settlement proceeds, calculated under § 44(a) by determining the ratio that the total workers' compensation benefits paid bore to the total settlement sum and multiplying the claimant's net third-party recovery, i.e., the gross sum recovered less attorney fees and expenses, by the ratio previously determined.[10]

However, we do not find *Prettyman* controlling. In *Prettyman,* the claimant settled his third-party claim in a sum far exceeding that to which claimant would otherwise be entitled under the Workers' Compensation Act, but in the instant case, Claimant settled his third-party action for a sum *less than* Workers' Compensation benefits paid. Thus, because the Supreme Court in *Prettyman* held that resolution of a third-party claim for a sum *in excess of* workers' compensation benefits did *not* constitute a "compromise settlement" under § 44(a),[11] the Court consequently did not have the opportunity to address the effect of the "compromise settlement" provisions of § 44(a), i.e., where settlement of the third-party claim is *less* than workers' compensation benefits.

On this issue, we previously observed:

> ... Section 44 recognizes a workers' compensation insurer's entitlement to a *proportionate* credit against proceeds of a third-party action, after deduction of expenses and attorney's fees, where the third-party settlement exceeds that to which a claimant would be entitled under the Workers' Compensation Act. Yet, § 44 also mandates that the district court having jurisdiction over the third-party claim make the determination of "just and reasonable" apportionment of settle-

---

**8.** That is, after deduction of the $10,777.79 previously paid to Mission's receiver, and payment to Fund of the $14,119.87 in settlement proceeds remaining after payment of attorney fees and expenses, Fund is entitled to $25,102.34 credit against any of Claimant's future medical expenses and/or other Workers' Compensation benefits.

**9.** *Prettyman,* 841 P.2d at 577.

**10.** The Supreme Court calculated employer's entitlement thusly:

| | | |
|---|---|---|
| TOTAL RECOVERY | | $2,000,000.00 |
| EXPENSES AND ATTORNEY FEES | | <$827,148.52> |
| BALANCE OF RECOVERY | | $1,172,851.48 |
| RATIO OF COMPENSATION PAID | | $ 152,986.95 |
| TO TOTAL RECOVERY | $2,000,000.00 = | 0.076 |
| RATIO MULTIPLIED BY | | |
| BALANCE OF RECOVERY | 0.076 X | $1,172,851.48 = |
| INSURER'S SHARE OF BALANCE | | $ 89,136.71 |

*Prettyman,* 841 P.2d at 582.

**11.** *Prettyman,* 841 P.2d at 577–582.

ment proceeds, if any, in the exercise of the district court's discretion, the court shall determine the insurer entitled.

*Tipton I,* 807 P.2d at 303.[12] (Emphasis original).

We thus implicitly held that where a claimant settles a third-party claim for less than that to which the claimant would be otherwise entitled under the Workers' Compensation Act, the last paragraph of § 44(a) grants the district court having jurisdiction over the third-party action discretionary power to apportion the settlement proceeds thereof where the parties cannot agree.

However, prior case law indicates that notwithstanding a claimant's settlement of a third-party action for less than the claimant's entitlement under Oklahoma Workers' Compensation law, the employer/insurance carrier is nevertheless entitled to credit for claimant's recovery in the third-party action against workers' compensation benefits paid to claimant.[13] Compounding our dilemma, we find no more recent cases construing the subject version of § 44(a), in the last paragraph thereof, specifically governing cases where "recovery is effected by compromise settlement," i.e., settlement of the third-party claim for less than workers' compensation benefits.[14]

Again, the last paragraph of § 44(a) provides:

*In the event that recovery is effected by compromise settlement,* then in that event the expenses, attorneys fees and the *balance of the recovery* may be divided between the employer or insurance company having paid compensation and the employee or his representatives as they may agree. Provided, that in the event they are unable to agree, then the same *shall be apportioned by the district court having jurisdiction of the employee's action against such other person, in such manner as is just and reasonable.*

(Emphasis added.)

As a matter of statutory construction, we must presume the Legislature, by adding this provision to § 44(a) in 1975 specifically governing "compromise settlement" of third-party claims,[15] intended what the Legislature clearly expressed, i.e., a differ-

---

**12.** *See also, Russell v. Bill Hodges Trucking, Inc.,* 663 P.2d 724, 726 (Okla.1983) (workers' compensation insurance carrier paid out over $120,000 in benefits to/for claimant/employee, and claimant subsequently settled third-party action for $750,000; held, under § 44 insurer "entitled to full indemnity of all amounts paid to or on behalf of the employee that are 'just and reasonable,'" and trial court's equal division of settlement proceeds between insurer and claimant affirmed as unaffected by abuse of discretion).

**13.** *Coker–Mitchell Co. v. State Industrial Court,* 450 P.2d 894, 897–898 (Okl.1969) (where claimant settled third-party claim, § 44 "specifically limits claimant's recovery of workers' compensation ... to the deficiency, if any, between the amount he has collected from the third party, and the compensation provided by the Workers' Compensation Act"; held, award modified and reduced by sum received in settlement of third-party claim).

*See also, Weiss v. Salvation Army,* 556 P.2d 598, 602 (Okl.1976) (Workers' Compensation Court allowed employer/insurance carrier credit from latter end of claimant's award to extent of settlement of third-party action; held, pursuit of common law and workers' compensation remedies not mutually exclusive, and evidence in record supports trial court's conclusion of employer's waiver of compliance with § 44); *L.B.*

*Jackson Drilling Co. v. Prichard,* 308 P.2d 284, 287 (Okl.1956) (Workers' Compensation Court reduced claimant's award by sum received in settlement of third-party claim; held, employer waived objection under § 44 for claimant's failure to give notice of third-party action, and judgment sustained where evidence supported finding on extent of claimant's recovery from third party and reduction of award thereby); *State Highway Dept. v. Elledge,* 202 Okl. 1, 209 P.2d 704, 708–709 (1949) (claimant induced to settle third-party claim through fraud, and Workers' Compensation Court awards benefits; held, under these circumstances, § 44 formed no bar to claimant's workers' compensation action, and award reduced by sum received in settlement of third-party claim sustained); *Bd. of Cty. Comm'rs. v. Hayter,* 192 Okl. 262, 135 P.2d 975 (1943) (claimant awarded benefits for permanent total disability less sums paid in settlement of third-party claim, but record on appeal "[did] not disclose whether the settlement ... was or was not approved" under § 44; held, issue of compliance with § 44 not raised below, therefore not considered on appeal, and judgment sustained).

**14.** *Prettyman,* 841 P.2d at 577–582.

**15.** 85 O.S.Supp.1975 § 44(a), embodied unchanged in 85 O.S.1981 § 44(a).

ent treatment and division of recovery in third-party actions where "recovery is effected without settlement" and those where "recovery is effected by compromise settlement."[16]

So guided, and giving effect to the plain wording of § 44(a) (notwithstanding the above cited authorities arguably to the contrary, but decided under previous versions of § 44), we again construe the "compromise settlement" paragraph of § 44(a) as granting the district court having jurisdiction over the third-party claim discretionary powers to apportion the "recovery ... effected by compromise settlement" between the claimant and employer/insurer.[17] We further here hold that the discretionary apportionment power granted by the last paragraph of § 44(a) in such cases extends to the entire settlement fund from the third-party action, i.e., the "balance of the recovery" in the third-party action after deduction for "the expenses [and] attorney fees" specifically mentioned therein. That is to say, the Oklahoma Supreme Court in *Prettyman* specifically defined "compromise settlement" as a settlement for less than estimated or actual workers' compensation benefits to which a claimant is entitled. However, if a claimant effects a "compromise settlement" as defined in *Prettyman*, there will never remain a "balance of recovery" from the third-party action in excess of payments in workers' compensation benefits to be apportioned, because the claimant has, by definition, accepted in the third-party "compromise settlement" a sum less than that to which he would be entitled under the Workers' Compensation Act.

We therefore adhere to our previous analysis of § 44(a) expressed in *Tipton I* and again hold the matter of apportionment of Claimant's recovery from the "compromise settlement" of his third-party action is addressed to the sound discretion of the Trial Court herein.[18] In the present case,

and considering the participation of Mission in institution of the third-party action, the participation of Mission and Fund in the settlement thereof, and after payment of Claimant's attorney fees, the equal division of the residue of the settlement proceeds between Fund and Claimant, the Trial Court concluded that Fund had received a "just and reasonable" portion of the settlement proceeds. Under the facts of this case, we conclude the Trial Court did not abuse its discretion in so holding.

The order of the Trial Court is therefore AFFIRMED.

HUNTER, P.J., and GARRETT, J., concur.

---

**16.** *See, e.g., Toxic Waste Impact Group, Inc. v. Leavitt,* 755 P.2d 626 (Okl.1988) (It is the duty of this Court to give effect to legislative acts and not to expand the plain words of the statute by construction "where the legislature has expressed its intention in the statute as enacted.")

**17.** *Tipton I,* 807 P.2d at 303.

**18.** *Tipton I,* 807 P.2d at 303.