2003 OK CIV APP 8

**David HALLMARK and Janet Hallmark, Individually, and as husband and wife, Oklahoma Residents, Plaintiffs/Appellees,**

**and**

**National American Insurance Company, Intervenor/Appellant,**

v.

**HALLIBURTON ENERGY SERVICES, INC., a Delaware Corporation, and Buford Q. Burnett, an Oklahoma Resident, Defendants.**

No. 96,249.

Court of Civil Appeals of Oklahoma, Division No. 3.

Oct. 25, 2002.

Certiorari Denied Jan. 13, 2003.

Maurice G. Woods, II, McAtee & Woods, Oklahoma City, for Intervenor/Appellant.

John E. Vitali, Hornbeek Krahl Vitali & Braun, Oklahoma City, for Plaintiffs/Appellees.

Opinion by CAROL M. HANSEN, Presiding Judge.

¶1 Intervenor/Appellant, National American Insurance Company (Insurer), brings this appeal from the trial court's order apportioning proceeds of a settlement agreement between Plaintiffs/Appellees, David Hallmark and Janet Hallmark (collectively Hallmarks), and Defendants, Halliburton Energy Services and Buford Burnett.[1] We find the settlement agreement invalid for failure to comply with 85 O.S. Supp.1998 § 44 and reverse.

¶2 David Hallmark was injured in a vehicular accident in February 1999. At the time of the accident he was in the course and scope of his employment with Western Oklahoma Sand and Gravel, Inc (Employer). Insurer provided Employer's workers' compensation coverage. The parties agree Insurer paid David Hallmark $86,101.09 in total compensation and medical benefits, and that the workers' compensation claim was finally resolved by a joint petition settlement in January 2000.

¶3 In May 2000, the Hallmarks filed this action against Defendants. David Hallmark claimed personal injuries as the result of the February 1999 vehicular accident. Janet Hallmark sought damages for loss of consortium. Insurer moved to intervene in January 2001, claiming a right of subrogation for workers' compensation benefits paid David Hallmark. Insurer stated in its Motion to Intervene that it did not intend to participate in the trial and requested its name "be bifur-

---

1. Defendants Halliburton Energy Services and Buford Burnett were dismissed from the action after settlement, with approval of Hallmarks and Insurer, and are not parties to this appeal.

cated from the trial pleadings." The trial court granted Insurer's motion on February 9, 2001.

¶4 Jury trial began on March 6, 2001. After two days of trial the parties agreed to settle the case for $275,000.00. The Hallmarks determined they would split the settlement proceeds with $200,000.00 going to Janet Hallmark for her consortium claim and $75,000.00 going to David Hallmark for his claims. On March 7, 2001, the trial court, by minute order, approved the Hallmarks oral motion on division of the proceeds. The settlement and the hearing on approval of the division of proceeds were conducted without Insurer's knowledge or participation.

¶5 On March 27, 2001, Insurer filed an application asking the trial court to apportion the settlement proceeds in satisfaction of its workers' compensation lien under 85 O.S. Supp.1998 § 44 (hereafter § 44). Insurer, in summary, argued the Hallmark's division of the settlement proceeds was invalid and that the statutory apportionment should be based on the total amount of the settlement. After hearing, the trial court found its prior division of the proceeds between the Hallmarks was proper and based the apportionment between Insurer and David Hallmark on David Hallmark's $75,000.00 portion. Insurer brings its appeal from this order.

¶6 On appeal, Insurer first essentially re-iterates the arguments raised before the trial court. We find the settlement between Hallmarks and Defendants invalid for failure to comply with § 44 and return the matter to the trial court for compliance with its requirements.

¶7 Section 44, although a part of the Workers' Compensation Act (the Act), substantively deals with third party claims in district court where the worker "is injured or killed by the negligence or wrong of another not in the same employ." While § 44 does not affect the injured worker's common law rights against such a third party, it does provide the procedure for the worker to follow in pursuing the common law remedy. *Prettyman v. Halliburton Co.*, 1992 OK 63, 841 P.2d 573. Where the injured worker does pursue a third party claim in district court, § 44 provides, among other things:

The compromise of any such cause of action by the worker at any amount less than the compensation provided for by the Workers' Compensation Act shall be made only with the written approval of the Court.

¶8 This provision was part of the original enactment of the Act in 1915. Laws 1915, c. 246, art. 2, § 18. Section 44 then provided approval was to be by the "Commission", defined as the State Industrial Commission, the predecessor to the Workers' Compensation Court. Through amendments, the original "Commission" has evolved to "the Court." Thus, within the meaning of § 44 here, approval of compromise settlements for less than compensation provided by the Act, although arising from a district court claim, must be approved by the Workers' Compensation Court. *Prettyman v. Halliburton Co.*, 841 P.2d at 577.

¶9 The *Prettyman* Court, *Id.*, held:

Where injuries are caused by a third party's negligence, § 44 is designed to protect the subrogation rights of the employer and his insurance carrier to the full extent of the compensation benefits paid the injured employee, and also to guard against the employee receiving double recovery.

¶10 In order to effect the primary purpose of protecting the employer or insurance carrier's subrogation rights for benefits paid under the Act, the Legislature has afforded the Workers' Compensation Court's jurisdiction for approval of any third party settlement for less than those benefits. Once so approved, § 44 provides that apportionment of the judgment proceeds is according to the formula set forth in that section, or by the district court having jurisdiction over the employee's claims, "in such manner as is just and reasonable."

¶11 Contrary to the Hallmarks' assertion, we find no authority for their contention the Workers' Compensation Court lost its jurisdiction at the time David Hallmark and Insurer settled the Workers' Compensation claim by Joint Petition. To the contrary, the Legislature has mandated in § 44 that the Workers' Compensation Court continue to

protect the interests of parties to the action there until the third party action is resolved.

¶ 12 To ensure compliance with this mandate, it has long been the law in this jurisdiction that compromise settlements for less than benefits paid under the Act, made without the written approval of the Workers' Compensation Court, are invalid. *Sinclair Oil & Gas Co. v. State Indus. Com'n*, 1931 OK 573, 3 P.2d 438. The Supreme Court again recognized this holding in *Prettyman*, at 579.

¶ 13 In *Sinclair*, the Court held the invalid settlement agreement was not binding on the Commission or the claimant, and did not deprive the Commission of jurisdiction to determine the amount of compensation to which the claimant was entitled. While the circumstances are different here, we find it equally important to require compliance with § 44 where the issue is protection of Insurer's subrogation rights. This is particularly true here because the third party settlement was reached without notice to Insurer.

¶ 14 Because of its statutory lien under § 44, Insurer could intervene in this action as a matter of right, but it had no right to participate in the trial. *Landrum v. National Union Ins. Co.*, 1996 OK 18, 912 P.2d 324. Insurer chose not to participate in the trial, but there is nothing in the record to suggest it waived its right to participate in settlement negotiations to protect its subrogation interests. There is no explanation in the record as to why Insurer was not included. The other parties apparently did not object to Insurer's intervention, thereby conceding its subrogation rights. The trial court's failure to assure Insurer was notified of the hearing on the Hallmarks' oral motion to approve the settlement was error.

¶ 15 Although the Defendants considered the settlement "global", *i.e.* one amount for both plaintiffs, the record reveals the Hallmarks had determined how it would be split before they finally approved the settlement. Therefore, we find it was David Hallmark's intention to settle his third party claims for $75,000.00. That is less than the amount of the Workers' Compensation benefits paid and accordingly required approval by the Workers' Compensation Court. In the ac-

knowledged absence of such approval, the third party settlement was invalid. *Sinclair*, at 443.

¶ 16 The trial court's order on appeal, which purported to apportion the third party settlement net recovery between the Hallmarks and Insurer, was based on an invalid agreement and is REVERSED. This matter is REMANDED to the trial court with instructions to order David Hallmark's third party settlement submitted to the Workers' Compensation Court for its review and approval or disapproval in accordance with § 44.

¶ 17 ADAMS and MITCHELL, JJ., concur.